**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark Palmer SPLAWN, Defendant–Appellant.**

**No. 91–6251.**

United States Court of Appeals, Tenth Circuit.

April 27, 1992.

Susan Stewart Dickerson, Asst. U.S. Atty., Oklahoma City, Okl. (Timothy D. Leonard, U.S. Atty., with her on the brief), for plaintiff-appellee.

June E. Tyhurst, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Before SEYMOUR and BRORBY, Circuit Judges, and BROWN,* District Judge.

BRORBY, Circuit Judge.

Once again we are asked to consider whether the government can use the federal Wiretap Law, 18 U.S.C. § 2512(1)(b), to prosecute a defendant who admittedly manufactured and sold cloned satellite television descramblers. The counterfeit devices, specifically prohibited by 47 U.S.C. § 605, allow uninterrupted viewing of premium pay television channels without compensating broadcasters for the service.

In *United States v. McNutt*, 908 F.2d 561, 564–65 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 955, 112 L.Ed.2d 1043 (1991), this circuit held that cloned satellite television descramblers are electronic devices capable of surreptitiously intercepting electronic communications within the meaning of the Wiretap Law, and therefore criminalized under 18 U.S.C. § 2512(1)(b). Our decision in *McNutt* allowed prosecutors discretion to charge defendants engaged in activities intended to illegally intercept pay television broadcasts under either the Wiretap Law or 47 U.S.C. § 605.[1] Defendant Mark Splawn urges

---

\* The Honorable Wesley E. Brown, United States District Court Judge for the District of Kansas, sitting by designation.

1. The *McNutt* court addressed the availability of 47 U.S.C. § 605 only insofar as it, rather than

the counterfeit access device statute, 18 U.S.C. § 1029 is the mechanism Congress devised to protect broadcasters against economic harm suffered from the manufacture and use of cloned television descramblers. 908 F.2d at 564

this three-judge panel to reconsider *McNutt* in light of decisions from two other circuit courts which hold the Wiretap Law inapplicable to such conduct. *See United States v. Hux,* 940 F.2d 314 (8th Cir.1991); *United States v. Herring,* 933 F.2d 932 (11th Cir.1991). Because a three-judge panel cannot overrule circuit precedent, *United States v. Spedalieri,* 910 F.2d 707, 710 n. 3 (10th Cir.1990), we must affirm.

A grand jury indicted Defendant Mark Splawn on nineteen counts of violating the federal Wiretap Law, 18 U.S.C. § 2512(1)(b), by assembling and selling modified satellite television descramblers between May 1987 and December 1988. Once installed, the counterfeit units enable viewers to receive premium channel broadcasts without paying the required subscription fees to national broadcasters who transmit their encrypted program signals nationwide via a system of commercial satellites. *See McNutt,* 908 F.2d at 562–63 (citing DiGeronimo, *Protecting Wireless Communications: A Detailed Look at Section 605 of the Communications Act,* 38 Fed.Comm.L.J. 411, 430–31 n. 101 (1987)). Mr. Splawn admits he "pirated" or "cloned" satellite television descramblers from legitimate pay television accounts and sold the modified units to other satellite television dealers, who in turn resold them to retail customers. Nevertheless, Mr. Splawn filed a motion to dismiss the indictment. He argued where § 605 of the Cable Communications Policy Act specifically proscribes his conduct, the government is not free to prosecute under the less specific Wiretap Law. The district court, relying on *McNutt,* denied the motion. Thereafter, Mr. Splawn entered a conditional guilty plea to the charges, but preserved his ob-

jection to the government's use of § 2512(1)(b) for this appeal.[2]

Section 2512(1)(b) imposes criminal sanctions against an individual who intentionally "manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it *primarily* useful for the purpose of *surreptitious* interception of wire, oral, or electronic communications." 18 U.S.C. § 2512(1)(b) (emphasis added). The statute defines "interception" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). "[E]lectronic communication," as defined by statute, "means *any* transfer of signs, signals, writing, *images, sounds,* data, or intelligence of any nature transmitted in whole or in part by a wire, *radio,* electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce." 18 U.S.C. § 2510(2) (emphasis added).

Reasoning that "satellite television transmissions contain sounds and images and are carried via radio waves," the *McNutt* court held such broadcasts constitute electronic communications under the plain wording of § 2510(12). *McNutt,* 908 F.2d at 564. The court also held that satellite descramblers are electronic devices within the purview of the statute since they permit the "interception of electronic communications." *Id.* at 565. Admitting the legislative history behind the Wiretap Law is ambiguous, the court nevertheless determined since pay television broadcasters "are unaware that their signals are being intercepted by cloned descramblers, such interception is surreptitious" under a plain

---

n. 2. However, the court never discussed the availability of § 605 when considering whether the government could prosecute such conduct under the Wiretap Law.

**2.** Mr. Splawn challenges the government's use of § 2512(1)(b) because of the significant difference in penalties between the Wiretap Law and 47 U.S.C. § 605. (Oral argument.) Section 2512(1)(b) provides felony penalties of up to five years in prison and a fine of up to $10,000. At the time of Mr. Splawn's charged conduct,

§ 605 provided only misdemeanor penalties up to one year in prison and a fine of up to $25,-000. Congress amended 47 U.S.C. § 605 in 1988, making the knowing manufacture or sale of "pirated" television descramblers a felony. However, that amendment took effect in January 1989, two weeks after the last date the government alleged Mr. Splawn engaged in the sale of the illegal devices. (Appellee's brief at 13 n. 5; 47 U.S.C. § 605 and history.)

reading of the statute. *Id.* Notably, the *McNutt* court did not discuss the availability of § 605 in its analysis of the Wiretap Law.[3]

Unconvinced the Wiretap Law applies to the manufacture or sale of modified satellite television descramblers, the Eleventh Circuit rejected *McNutt's* plain reading of § 2512(1)(b). *See Herring*, 933 F.2d at 938–39. Instead, the Eleventh Circuit analyzed the ambiguous legislative history of the Wiretap Law, prior precedent interpreting the scope of § 2512(1)(b) as Congress originally promulgated the statute, and the availability of § 605. The *Herring* court noted it was "not confident that the design of the [modified] descramblers places them into the narrow category of devices designed to be prohibited under section 2512(1)(b)." *Id.* at 939. Stating that " 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity,' " *id.* at 937 (quoting *Rewis v. United States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971)), the *Herring* court ruled the government may not prosecute "under statutes that only arguably prohibit conduct," *id.* at 939. In reversing a defendant's conviction under the Wiretap Law for selling "cloned" television descramblers, the *Herring* court also applied the long-standing rule " 'that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum.' " *Id.* at 938 (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153, 96 S.Ct. 1989, 1992–93, 48 L.Ed.2d 540 (1976)). The Eighth Circuit soon followed, adopting the Eleventh Circuit's rationale that the amended Wiretap Law does not overlap 47 U.S.C. § 605. *See Hux*, 940 F.2d at 318.

We agree the *Herring* and *Hux* decisions raise some genuine questions as to the whether Congress intended the Wiretap Law to encompass Mr. Splawn's conduct. However, the *McNutt* case prevents this panel from considering the issues raised by Defendant. A three-judge panel may not overrule circuit precedent. The proper avenue for raising these issues lies in a petition for en banc review. Accordingly, Mr. Splawn's conviction under the Wiretap Law is AFFIRMED.

---

3. At the time of Mr. Splawn's offense, § 605 prohibited persons not authorized by the sender from intercepting "any radio communication," 47 U.S.C. § 605(a), and proscribed the "importation, manufacture, sale, or distribution of equipment by any person with the intent of its use to assist in any activity prohibited by subsection (a) of this section." 47 U.S.C. § 605(d)(4). Congress amended the statute in 1988, redesignating subsection (d) as subsection (e) and revising the language to clarify the intent of the existing law.

*See* historical and stat. notes, 1988 amendments § 605. Section 605(e)(4) now provides criminal penalties for:

Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming....