**DIRECTV, INC., a California corporation, Plaintiff,**

v.

**James KAAS, Doug Norem, Tim Weber, Mark Easley, and Ron Mahlke, Defendants.**

**No. C03–4047–PAZ.**

United States District Court, N.D. Iowa, Western Division.

Dec. 17, 2003.

Rebecca A. Brommel, Scott Lamoine Long, Brown, Winick, Graves, Gross, Baskerville, Schoenebaum, Des Moines, IA, for Plaintiff.

James Kaas, pro se, Cedar Rapids, IA.

Doug Norem, pro se, Marion, IA.

Mark Easley, pro se, Sioux City City, NE.

Ron Mahlke, pro se, LeMars, IA.

Gene A. Wickey, Sioux City, IA, for Defendants.

## MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT TIM WEBER

ZOSS, United States Magistrate Judge.

This matter is before the court on the motion of the plaintiff DIRECTV, Inc. ("DIRECTV") for default judgment against the defendant Tim Weber ("Weber"). DIRECTV commenced this action on May 21, 2003, by the filing of a Complaint in which DIRECTV alleges, *inter alia,* the following facts:

1. Plaintiff DIRECTV is the nation's leading direct broadcast satellite system, delivering over 225 channels of television and other programming to more than 10 million homes and businesses in the United States. . . .

2. DIRECTV encrypts—electronically scrambles—its satellite transmission to provide security for and prevent unauthorized viewing of its satellite television programming. DIRECTV offers its television programming to residential and business customers on a subscription and pay-per-view basis only. Each customer is required to obtain a DIRECTV Access Card and other system hardware (including a small satellite dish) and create an account with DIRECTV. Upon activation of the Access Card by DIRECTV, the customer can receive and view in a decrypted format (*i.e.*, unscrambled) those channels to which the customer has subscribed or otherwise made arrangement to purchase from DIRECTV.

3. On or about May 25, 2001, DIRECTV executed several writs of seizure with the assistance of local law enforcement upon a mail shipping facility used by several major sources of pirate technologies, including Vector Technologies[.] . . . During and subsequent to the raids, DIRECTV came into possession of a substantial body of sales records, shipping records, email communications, credit card receipts, and other records. Those records evidence defendants' purchases of illegally modified DIRECTV Access Cards and other devices ("Pirate Access Devices"). In reliance upon those records and other information, and upon information and belief, DIRECTV sets forth the allegations in this Complaint.

. . .

9. Defendant Tim Weber is a resident of Waterloo, Iowa. Upon information and belief, beginning in or about December 2000, Defendant Weber purchased one or more Pirate Access Devices from Vector Technologies. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

> (a) On or about December 4, 2000, Defendant Weber purchased a Pirate Access Device, consisting of a printed circuit board device called an Unlooper, from Vector Technologies. The device was shipped to Defendant Weber at his address in Waterloo, Iowa.

(Doc. No. 1, Complaint, ¶¶ 1, 2, 3, & 9)

DIRECTV alleges Weber's purchase and receipt of the Unlooper constituted (1) the unauthorized publication or use of communications in violation of 47 U.S.C. § 605(a); *see United States v. Splawn,* 963 F.2d 295 (10th Cir.1992) (possession of satellite descrambler is criminalized under section 605(a)); (2) the unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1)(a); and (3) the possession of an electronic communication intercepting device in violation of 18 U.S.C. § 2512(1)(b). (*Id.,* Counts I, II & III)

In its prayer for relief, DIRECTV asks the court to find Weber violated these statutes, and further, that he did so willfully, maliciously, or for a tortious or illegal purpose. DIRECTV seeks an injunction and damages. Of particular relevance to its present motion, DIRECTV seeks, "[i]n the event of default," statutory damages of $10,000, and attorney fees and costs of $850.00. (*Id.,* p. 8)

DIRECTV initially was unable to locate Weber for service of the Summons and Complaint. The court granted an extension of time, and Weber was served on

October 1, 2003. (Doc. No. 20) Accordingly, Weber was required to answer or file an appropriate motion by October 21, 2003. Fed.R.Civ.P. 12(a)(1)(A). Weber failed to respond to the Complaint, and on October 27, 2003, at DIRECTV's request, the Clerk of Court entered default against Weber pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 22)

Having obtained the entry of default against Weber, DIRECTV was permitted to move for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). *See DIRECTV, Inc. v. Meyers*, 214 F.R.D. 504, 510 (N.D.Iowa 2003) (entry of default is predicate to motion for default judgment under Rule 55) (citing *Hayek v. Big Brothers/Big Sisters of America*, 198 F.R.D. 518, 520 (N.D.Iowa 2001)). DIRECTV does so in the instant motion, in which DIRECTV asks the court to enter default judgment against Weber in the amount of $10,850.00, pursuant to Federal Rule of Civil Procedure 55(b)(1).[1]

■ The court **finds and adjudges** the defendant Tim Weber to be in default. The court **further finds** that Weber's purchase of the private access device constituted a violation of 47 U.S.C. § 605(a), and 18 U.S.C. §§ 2511(1)(a) and 2512(1)(b). The court further finds DIRECTV is entitled to a permanent injunction, enjoining and restraining Weber from receiving, possessing, or using any pirate access device. The court now turns to the matter of DIRECTV's damages.

■ DIRECTV presumably brings its motion under subsection (b)(1) of Rule 55 because DIRECTV is asking for a "sum certain." Subsection (b)(1) provides:

**By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

Fed.R.Civ.P. 55(b)(1) (1987).

However, despite DIRECTV's assertion to the contrary (*see* Doc. No. 24-2, Brief in Support of Motion for Default Judgment, at 5), the fact that DIRECTV, in its Complaint, identified $10,000 as the amount of damages it was seeking in the event of default does not transform this suit into one for a "sum certain" as contemplated by Rule 55(b)(1), particularly where the amounts of statutory damages are left to the court's discretion. *See KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 17–21 (1st Cir.2003) (discussing at length the meaning of "sum certain" in the context of Rule 55(b)(1)).

DIRECTV cites *Taylor v. City of Ballwin, Missouri*, 859 F.2d 1330 (8th Cir. 1988), in support of its proposition that the court should enter default judgment in the amount requested in the Complaint. DIRECTV states the *Taylor* court "held that it was appropriate to enter default judgment for the amount requested in [the] plaintiff's complaint ... even though the fair market value of the car at issue was $7,000 less than the amount requested in the complaint." (Doc. No. 24-2, Brief in Support of Motion for Default Judgment, at 4–5).

DIRECTV misstates the holding in *Taylor*, which actually was exactly the opposite from DIRECTV's characterization of the case. In the *Taylor* complaint, the plain-

---

1. DIRECTV's motion erroneously seeks entry of a default judgment against Weber by "the United States District Court for the Southern District of Iowa, Central Division." (Doc. No. 24-1, p. 1) The motion is properly before this court, the case having been filed in the United States District Court for the Northern District of Iowa, Western Division.

tiff made a demand for damages in the amount of $10,000. The Eighth Circuit Court of Appeals ordered entry of default judgment in the amount of $3,000, which the court found was the fair market value of the automobile in question. The court recognized "the Supreme Court has held that '[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.'" *Taylor*, 859 F.2d at 1333 (quoting *Pope v. United States*, 323 U.S. 1, 12, 65 S.Ct. 16, 22, 89 L.Ed. 3 (1944)).

The court finds the present case is not one for a "sum certain," and DIRECTV's motion therefore falls under subsection (b)(2) of Rule 55, which requires the party entitled to default judgment to apply to the court for the same, and authorizes the court "to determine the amount of damages," where necessary "to enable the court to enter judgment or to carry it into effect." Fed.R.Civ.P. 55(b)(2). Before the court can enter a default judgment against Weber, the court must ascertain the proper amount of damages that will compensate DIRECTV for Weber's conduct. *See Meyers*, 214 F.R.D. at 510 (quoting *Hayek*, 198 F.R.D. at 520; other citations omitted).

■ The statutes upon which DIRECTV bases its claims against Weber specify damages to be awarded when a violation has been established. The statutory damages available to DIRECTV under Count I of its Complaint are computed as follows:

(C)(i) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses:

(I) the party aggrieved may recover the actual damages suffered by him

as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; ... or

(II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just....

47 U.S.C. § 605(e)(3)(C)(i). The court deems DIRECTV's request for entry of default judgment in the amount of $10,000 to constitute its election to proceed under subsection (C)(i)(II) of subsection (e)(3). Thus, the damages available under Count I are no less than $1,000 and no more than $10,000, "as the court considers just." *Id.*

The statutory damages available to DIRECTV under Counts II and III of its Complaint are computed as follows:

(2) In any [action under 18 U.S.C. §§ 2511 and 2512], the court may assess as damages whichever is the greater of -

(A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or

(B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2). DIRECTV has specified that $10,000 is "the greater of" the available damages under this statute by virtue of its request for judgment in that amount.

The court, however, has "broad[ ] discretion, to award damages as authorized by the statute, or to award no damages at all." *Reynolds v. Spears*, 93 F.3d 428, 435 (8th Cir.1996); *see Dorris v. Absher*, 179 F.3d 420, 429–30 (6th Cir.1999) (citing *Reynolds*); *see also Morford v. City of*

*Omaha,* 98 F.3d 398, 400 (8th Cir.1996) (citing *Reynolds* ). As the Sixth Circuit Court of Appeals explained in *Dorris,*

> The proper inquiry for a district court awarding damages under 18 U.S.C. § 2520(c)(2) should be as follows:
>
> (1) The court should first determine the amount of actual damages to the plaintiff plus the profits derived by the violator, if any. *See* 18 U.S.C. § 2520(c)(2)(A).
>
> (2) The court should next ascertain the number of days that the statute was violated, and multiply by $100. *See* 18 U.S.C. § 2520(c)(2)(B).
>
> (3) The court should then tentatively award the plaintiff the greater of the above two amounts, unless each is less than $10,000, in which case $10,000 is to be the presumed award. *See id.*
>
> (4) Finally, the court should exercise its discretion to determine whether the plaintiff should receive any damage at all in the case before it. *See* 18 U.S.C. § 2520(c)(2).

*Dorris,* 179 F.3d at 430.

In the present case, DIRECTV has offered no evidence of its actual damages, nor has it offered evidence of how many days Weber used the pirate access device. Therefore, the presumptive award of damages is $10,000. The court finds, however, that $10,000 is excessive on these facts. As the Eighth Circuit noted in *Reynolds,* "We think it logical that Congress chose to make the award of such damages discretionary, given the potential of the law to bring financial ruin to persons of modest means, even in cases of trivial transgressions." *Reynolds,* 93 F.3d at 435.

There is no evidence Weber profited from the pirate access device. Indeed, although a reasonable assumption, there is no evidence he even used the device, only that he received it. The court therefore exercises its discretion to award no damages under 18 U.S.C. § 2520(c)(2), and awards DIRECTV the minimum damages of $1,000 under 47 U.S.C. § 605(e)(3)(C)(ii). Further, the court finds $850 for attorney fees and costs is just and reasonable.

Accordingly, the court orders as follows:

1. The plaintiff's motion for default judgment is **granted,** and **default judgment is hereby entered** against the defendant Tim Weber pursuant to Federal Rule of Civil Procedure 55.

2. The defendant Tim Weber is **permanently enjoined and restrained** from receiving, possessing, or using any pirate access device.

3. The court awards the plaintiff DIRECTV the sum of **$1,000** in damages and **$850** in attorney fees and costs against the defendant Tim Weber, and the Clerk of Court is directed to enter judgment accordingly.

4. By **December 29, 2003,** DIRECTV may file a motion to reconsider this judgment in which DIRECTV submits affidavits and evidence of either its actual damages, or to support its assertion that a $10,000 damage award is warranted in this matter. Absent any such motion, this judgment will become final on **December 30, 2003.**

**IT IS SO ORDERED.**