**DIRECTV, INC., Plaintiff,**

v.

**Wilson MONTES, Defendant.**

**No. 3:04 CV 0295(WWE).**

United States District Court,
D. Connecticut.

Sept. 27, 2004.

Gregory J. Sachs, Branford, CT, Wayne D. Lonstein, Lonstein Law Office, Ellenville, NY, for Plaintiff.

### RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [DOC. # 8]

EGINTON, Senior District Judge.

On May 21, 2004, this Court granted plaintiff's motion for default against defendant, Wilson Montes, whom plaintiff alleged had purchased and utilized a pirate access device to intercept satellite television programming services without authority and without payment to plaintiff. Plaintiff now moves for the entry of a

default judgment. Defendant has neither responded to this motion nor moved to set aside the default.

For the reasons set forth below, plaintiff's motion will be granted and judgment will enter against defendant.

### Discussion

■■■ Because a default has entered, the allegations of the complaint that establish defendant's liability are accepted as true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir.1992), cert. denied, 506 U.S. 1080, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993); Fed.R.Civ.P. 8(d). Damages, however, must be established by proof unless the damages are liquidated or susceptible of mathematical computation, Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir.1974), which these are not. A hearing on damages is not required as long as the Court ensures that there is a basis for the damage award.[1] See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir.1997); see generally Cablevision of Southern Conn., Ltd. P'ship v. Smith, 141 F.Supp.2d 277, 281–82 (D.Conn.2001).

In its complaint, plaintiff alleges that on March 12, 2001, defendant purchased from Vector Technologies pirate access devices, more specifically a Next Gen 2 Dual Speed Programmer and illegal satellite television descrambling and decoding · devices. In addition, defendant, as a former DI-RECTV subscriber, was in possession of a satellite dish and related equipment. Plaintiff alleges that these pirate access devices were specifically marketed, advertised, and designed to enable purchasers to gain unauthorized access to plaintiff's proprietary satellite television signals. (Compl. ¶¶ 6, 7.) It further alleges that defendant's conduct has deprived it of subscription and pay-for-view revenues, has compromised its security and accounting systems, and infringed its trade secrets and proprietary information, and has interfered with its contractual and prospective business relations. (Compl. ¶¶ 13, 17, 22.)

Plaintiff sets forth three substantive claims in its complaint: (1) defendant's unauthorized reception of satellite signals in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605(a), (2) his unauthorized interception of electronic communications in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1)(a) and/or § 2511(1)(b), and (3) his possession of a pirate access device in violation of 18 U.S.C. § 2512(1)(b). As relief, plaintiff asks the Court to enjoin defendant from possessing, importing, or using the pirate access devices, and to require defendant to surrender said devices to plaintiff, to award actual or statutory damages under the Federal Communications Act of up to $110,000 for each pirate access device purchased by defendant, and to award plaintiff its costs and reasonable attorney's fees, plus prejudgment interest.

■■■ Based on the allegations of the complaint, which are deemed admitted, the Court finds that defendant has violated the Communications Act, 47 U.S.C. § 605(a),[2] by virtue of his unauthorized receipt of plaintiff's satellite transmissions of television programming by means of the pirate access devices purchased from Vector Technologies. See International Cablevi-

---

1. Plaintiff's counsel has requested that this matter be decided on submission without a hearing.

2. Subsection (a) of 47 U.S.C. § 605 provides in part that "[n]o person not being entitled thereto shall receive ... any interstate or foreign communication by radio and use such communication ... for his own benefit...."

*sion, Inc. v. Sykes,* 75 F.3d 123, 133 (2d Cir.), *cert. denied,* 519 U.S. 929, 117 S.Ct. 298, 136 L.Ed.2d 217 (1996) (holding that an individual's use of a pirate cable television descrambling device to intercept without authorization programming services transmitted via satellite constituted a violation of § 605(a)).

This leaves the issue of damages. Plaintiff has sought statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i) as well as injunctive relief, prejudgment interest, and litigation costs. Under 47 U.S.C. § 605(e)(3)(C)(i), damages are to be computed, "at the election of the aggrieved party," in accordance with either of the following:

> (I) actual damages suffered by the aggrieved party as a result of the violation and any profits of the violator; or

> (II) statutory damages for each violation of subsection (a) in a sum of not less than $1,000 or more than $10,000, as the court considers just, and, for each violation of subsection (e)(4),[3] statutory damages in a sum of not less than $10,000, or more than $100,000, as the court considers just.

Plaintiff has elected to seek statutory damages, as opposed to actual damages, and asks the Court to award $10,000 for defendant's violation of subsection (a) and $100,000 for defendant's violation of subsection (e)(4).

■ The award of damages under section 605(e)(3)(C)(i) is committed to the Court's sound discretion. *Cablevision of S. Conn.,* 141 F.Supp.2d at 286. Courts have used a variety of methods to calculate damages under section 605, including (1) assessing the maximum statutory rate, (2) estimating the amount of services the defendant pirated and applying a multiplier to that figure, (3) adopting the plaintiff's estimate of the amount of services pirated, and (4) where there has been no evidence of the plaintiff's actual usage or commercial advantage, applying the statutory minimum for each pirated device. *See CSC Holdings, Inc. v. Ruccolo,* 01 Civ. 5162, 2001 WL 1658237, at *2 (S.D.N.Y. Dec.21, 2001)(collecting cases); *DIRECTV, Inc. v. Kaas,* 294 F.Supp.2d 1044, 1048 (N.D.Iowa 2003) (awarding damages of $1,000 under § 605(e)(3)(C)(i) where the complaint alleged that the defendant had purchased a single pirate access device); *DIRECTV, Inc. v. Hamilton,* 215 F.R.D. 460, 462 (S.D.N.Y.2003) (awarding damages of $2,000 under § 605(e)(3)(C)(i) where one defendant had purchased two pirate access devices and declining to award the maximum statutory damages where the plaintiff had failed to proffer any justification for such an award); *DirecTV, Inc. v. Perrier,* No. 03–CV–400S, 2004 WL 941641, at *3 (W.D.N.Y. Mar.15, 2004) (awarding $2,000 in damages under § 605(e)(3)(C)(i) where the complaint alleged that the defendant had purchased two pirate access devices). "In its broad discretion for determining statutory damages, the district court should consider both the willfulness of the defendant's conduct and the deterrent value of the sanction imposed." *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 852 (11th Cir.1990).

---

**3.** Paragraph (4) of 47 U.S.C. § 605(e) provides criminal penalties for "[a]ny person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services." It further provides that "the prohibited activity established herein as it applies to each such device shall be deemed a separate violation." 47 U.S.C. § 605(e)(4).

■ Plaintiff has alleged and produced evidence that defendant purchased one pirate access device for use at his home in connection with the satellite equipment he already possessed. There is no claim that he used this device commercially or that he purchased the device for resale. Although plaintiff seeks the maximum statutory penalty of $10,000 per violation, the Court declines to award the maximum amount since there is no evidence of the amount of his actual personal usage of the device. Following the lead of several courts cited above, the Court awards $1,000 for defendant's violation of section 605(a) by virtue of his purchase and usage of the device.

Additionally, because defendant has owned this illegal device since April of 2001 and has been able to avoid paying subscription fees to plaintiff for a period of 41 months, an award of $1,000 would have no deterrent effect, since this is substantially less than the amount defendant would have paid for the satellite programming had he received it in an authorized manner. Plaintiff has produced evidence that during the time defendant actually subscribed to DIRECTV services, the cost of his monthly subscription service was approximately $80.00, although this does not include pay-per-view programming, which was additional. Thus, the Court in its discretion awards additional damages of $3,280.00, for a total damage award of $4,280.00. *See Time Warner Cable of New York City v. Barbosa*, No. 98 Civ. 3522, 2001 WL 118608, at * 5 (S.D.N.Y. Jan.2, 2001)(holding that the statutory goals are served by taking into account the duration of the violation and awarding damages based on the plaintiff's lost revenues during this time period times a multiplier).

Plaintiff also seeks an award of damages of $100,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II) for defendant's viola-

tion of subsection (e)(4). Plaintiff, however, did not allege a violation of subsection (e)(4) in count one of its complaint. The only mention of subsection (e)(4) is in the prayer for relief, and there is no claim or evidence to support a claim that defendant actually imported the pirate access device in question or engaged in any other conduct encompassed by subsection (e)(4).

■ Subsection (e)(4) is addressed to persons who "manufacture, assemble, modify, import, export, sell, or distribute" an electronic device knowing or having reason to know that the device is used for the unauthorized decryption of satellite cable programming. It imposes criminal penalties for such conduct, as well as civil penalties, which are ten times the civil penalties for a violation of subsection (a). *See* 47 U.S.C. § 605(e)(3)(C)(i)(II). At least one case from this district, following the holding of *Directv, Inc. v. Albright*, No. Civ. A. 03–4603, 2003 WL 22956416, at *2 (E.D.Pa. Dec.9, 2003), has held that a reasonable reading of this subsection (e)(4) demonstrates that it was intended to target upstream manufacturers and distributors, not the ultimate consumer of pirating devices, such as defendant. *DIRECTV v. Getchel*, No. 3:03CV2073, 2004 WL 1202717, at *10 (D.Conn. May 26, 2004). Accordingly, the Court declines to award damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) for a violation of subsection (e)(4).

■ Plaintiff has also sought an award of prejudgment interest. As this Court held in *DIRECTV, Inc. v. Getchel*, 2004 WL 1202717, at *10, there is no statutory basis in § 605 for such an award.

■ The Court further finds that plaintiff is entitled to a permanent injunction enjoining and restraining defendant from importing, receiving, possessing, or using a pirate access device, and hereby directs

defendant to surrender all pirate access devices in his possession to plaintiff. 47 U.S.C. § 605(e)(3)(B)(i) (authorizing the Court to grant temporary and final injunctions on such terms as it deems reasonable to prevent or restrain violations of subsection (a)); *see DIRECTV, Inc. v. Kaas*, 294 F.Supp.2d at 1049.

■ Last, plaintiff seeks an award of litigation costs in the amount of $150.00 for filing fees and $90.00 for service of process fees, for a total of $240.00. These costs have been documented and are reasonable. 47 U.S.C. § 605(e)(3)(B)(iii) (allowing the recovery of full costs to an aggrieved party who prevails); *Community Television Systems, Inc. v. Caruso*, 284 F.3d 430, 434 n. 5 (2d Cir.2002) (holding that § 605 requires the court to award reasonable attorney's fees); *see Cablevision of S. Conn.*, 141 F.Supp.2d at 288 (awarding fees); *DirecTV, Inc. v. Perrier*, 2004 WL 941641, at *4 (awarding fees).

### Conclusion

Accordingly, the Court GRANTS plaintiff's motion for default judgment [Doc. # 8] and awards damages of $4,280.00, and litigation costs of $240.00 in favor of plaintiff, DIRECTV, Inc., and against defendant, Wilson Montes. The Court further permanently enjoins and restrains defendant Montes from importing, receiving, possessing, or using a pirate access device, and further directs defendant Montes to surrender to plaintiff DIRECTV all pirate access devices in his possession.

The Clerk shall enter Judgment in accordance with this decision.