**DIRECTV, Plaintiff,**

v.

**David HASKELL, Defendant.**

**No. CV–04–53–B–W.**

United States District Court, D. Maine.

Nov. 15, 2004.

Julie Cohen Lonstein, Ellenville, NY, Tina Schneider, Portland, ME, for DirecTV, Plaintiff.

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION TO DISMISS COUNTS I AND II OF THE COMPLAINT**

WOODCOCK, District Judge.

## I. INTRODUCTION

Before this Court are Plaintiff DirecTV, Inc.'s request for damages under the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605(a), and its Motion to Dismiss Counts I and II of the Complaint brought against Defendant David Haskell for the purchase, acquisition, employment, and use of a satellite pirating device. This Court GRANTS Di-

recTV's Motion to Dismiss with prejudice Counts I and II of the Complaint, and, pursuant to Count III, ORDERS DirecTV be awarded a total of $ 2,920.00, consisting of statutory damages in the amount of $1,000.00 plus reasonable attorney fees in the amount of $1,920.00 and costs.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 2004, DirecTV filed a Complaint against Haskell. In Count I, DirecTV alleged a violation of 17 U.S.C. § 1201(a)(1)(A) and requested injunctive relief; in Count II, DirecTV alleged a violation of 17 U.S.C. § 1201(a)(2) and (b)(1) and requested relief in the amount of the greater of either the Defendant's actual profits or statutory damages up to $2,500 for each violation with costs, disbursements, and reasonable attorney fees; and in Count III, DirecTV alleged a violation of 47 U.S.C. § 605(a) and (e)(4) and requested relief in the amount of the greater of either its actual damages or statutory damages up to $110,000 for each pirating device involved, plus costs and interest.

Haskell was served on April 17, 2004. After he failed to answer, upon motion of DirecTV, the Clerk entered default on June 18, 2004. On July 15, 2004, DirecTV filed a Motion for Default Judgment, and on August 13, 2004, this Court issued an Order Regarding Plaintiff's Motion for Default Judgment. The Order noted that the Motion for Default Judgment recast DirecTV's claim for damages on Count I and Count II and that a hearing was necessary to determine appropriate damages for those violations. Regarding Count III, the Order concluded Haskell was liable for at least one violation of 47 U.S.C. § 605(a) and that he did so willfully. This Court ordered a hearing to determine damages for the violation of 47 U.S.C. § 605(a) and to determine whether the facts established

---

1. *See* D. Me. Loc. R. 54.3.

liability for a violation of 47 U.S.C. § 605(e)(4).

The Order finally noted that, although the Complaint failed to allege violations of 18 U.S.C. §§ 2511(1)(a), 2511(1)(b) and 2512(1)(b), DirecTV was seeking relief under those statutes pursuant to its Motion for Default Judgment. The Court ordered DirecTV to explain its basis for relief, based on allegations not appearing in the Complaint. Following the Order dated August 13, 2004, DirecTV moved to dismiss with prejudice Counts I and II of the Complaint on August 25, 2004.

The hearing on damages took place on September 7, 2004, at which time DirecTV renewed its request to dismiss Counts I and II of the Complaint and indicated it was no longer proceeding under 47 U.S.C. § 605(e)(4).[2] Haskell failed to appear or offer evidence regarding damages.

### III. DISCUSSION

 Because a default judgment has entered, the allegations of the complaint establishing Haskell's liability are accepted as true. See Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 693 (1st Cir.1993); Fed. R.Civ.P. 8(d). Damages, however, must be established by proof unless the damages are liquidated or susceptible of mathematical computation. See KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 19 (1st Cir.2003)(citing Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir.1974)).

In the Default Judgment, this Court concluded Haskell is liable for at least one violation of § 605(a), noting the facts are sufficient to establish he intercepted a satellite signal for his own benefit when he was not entitled to do so in violation of 47 U.S.C. § 605(a) and he did so willfully and for the purpose of direct or indirect commercial advantage or private financial gain. Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and (e)(3)(C)(ii), DirecTV seeks statutory damages of up to $110,000 as to each pirate device purchased, as well as prejudgment interest, costs and attorney fees.

Section 605(e)(3)(C)(i)(II) states: "[T]he party aggrieved may recover an award of statutory damages for each violation of sub sec. (a) involved in the action in a sum of not less than $1,000, or more than $10,000, as the court considers just." Section 605(e)(3)(C)(ii) permits enhanced damages, up to $100,000, for a violation of 47 U.S.C. § 605(a) where the court finds "the violation was committed willfully and was for purpose of direct or indirect commercial advantage or private financial gain." Section 605(d)(5), however, prohibits the court from applying § 605(e)(3)(C)(ii) to individuals violating the act for their private use. 47 U.S.C. § 605(d)(5)("the term 'private financial gain' shall not include the gain resulting to any individual for the private use in such individual's dwelling unit of any programming for which the individual has not obtained authorization for that use."); see also Comty. Television Sys., Inc. v. Caruso, 284 F.3d 430, 434 n. 5 (2d Cir.2002).

 The specific amount of statutory damages assessed pursuant to § 605 rests

---

**2.** 47 U.S.C. § 605(e)(4) is addressed to persons who "manufacture, assemble, modify, import, export, sell, or distribute" an electronic device knowing or having reason to know that the device is used for the unauthorized decryption of satellite cable programming. It imposes criminal penalties for such conduct, as well as civil penalties, which are ten times the civil penalties for a violation of subsection (a). 47 U.S.C. § 605(e)(3)(C)(i)(II). Some courts have held that a "reasonable reading of this provision demonstrates that § 605(e)(4) targets upstream manufacturers and distributors, not the ultimate consumer of pirating devices." Directv, Inc. v. Albright, No. Civ. A. 03–4603, 2003 WL 22956416, at *2 (E.D.Pa. Dec. 9, 2003); accord DIRECTV, Inc. v. Getchel, No. 3:03 CV 2073(GLG), 2004 WL 1202717, at *3 (D.Conn. May 26, 2004).

within the sound discretion of the court. *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F.Supp.2d 277, 286 (D.Conn. 2001). Courts have used a variety of methods to calculate damages under § 605, including (1) assessing the maximum statutory rate; (2) estimating the amount of services the defendant pirated and applying a multiplier to that figure; (3) adopting the plaintiff's estimate of the amount of services pirated; and (4) where there has been no evidence of the plaintiff's actual usage or commercial advantage, applying the statutory minimum for each pirated device. *DIRECTV, Inc. v. Getchel*, No. 3:03 CV 2073(GLG), 2004 WL 1202717, at *2 (D.Conn. May 26, 2004). "In its broad discretion for determining statutory damages, the district court should consider both the willfulness of the defendant's conduct and the deterrent value of the sanction imposed." *Cable/Home Communication Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir.1990); *accord DirecTV v. Montes*, 338 F.Supp.2d 352, 354–55 (D.Conn.2004).

In determining the proper amount of damages, this Court is aware some courts have awarded minimal statutory damage awards in similar DirecTV cases. *See, e.g., DirecTV, Inc. v. Perrier*, No. 03–CV–400S, 2004 WL 941641, at *3 (W.D.N.Y. Mar. 15, 2004)(awarding $2,000 in damages under § 605(e)(3)(C)(i) where the complaint alleged that the defendant had purchased two pirate access devices); *DIRECTV, Inc. v. Kaas*, 294 F.Supp.2d 1044, 1048 (N.D.Iowa 2003)(awarding damages of $1,000 under § 605(e)(3)(C)(i) where the complaint alleged that the defendant had purchased a single pirate access device and there was no evidence that the defendant profited from the device or even used

the device); *Directv, Inc. v. Albright*, No. Civ. A. 03–4603, 2003 WL 22956416, at *3 (E.D.Pa. Dec. 9, 2003)(awarding $1,000 in damages under § 605(e) because there was no evidence that the defendant acted willfully or sought to profit from use of the device); *DIRECTV, Inc. v. Hamilton*, 215 F.R.D. 460, 462 (S.D.N.Y.2003)(awarding damages of $2,000 under § 605(e)(3)(C)(i) where one defendant had purchased two pirate access devices and declining to award the maximum statutory damages where the plaintiff had failed to proffer any justification for such an award).

Here, the Complaint alleges that, on or about November 27, 2000, Haskell purchased one pirate access device, known as a "UL Pro with X Code," from Vector Technologies. Aside from potentially receiving DirecTV's satellite television programming free of charge for a period of time, there is no indication that Haskell otherwise profited from his conduct. There is no evidence he used this device commercially or purchased the device for resale. There are no allegations Haskell induced others to commit violations.

Although DirecTV alleged Haskell was a subscriber, DirecTV has not provided information regarding the cost and length of services paid by Haskell or the cost of unauthorized services. The Complaint alleges Haskell purchased the pirating device on November 27, 2000; there is, however, no allegation as to how long he actually used the device or the dollar amount DirecTV would have received in subscription fees, but did not receive as a result of Haskell's activity. There is also no evidence of the amount of Haskell's actual personal use of the device. This Court notes, however, that Haskell has not returned his access card to DirectTV.[3] Al-

---

**3.** Some courts have held a mitigating factor in determining the damages is whether the pirate device had been turned over to the company or was still in circulation being used

to steal service. *See Cablevision Sys. New York City Corp. v. Leath*, No. 01 CIV. 9515(LTS), 2002 WL 1751343, at *3 (S.D.N.Y.

though DirecTV seeks the maximum statutory penalty of $10,000 per violation, this Court declines to award the maximum amount. Following the lead of several courts, this Court awards $1,000 for Haskell's violation of § 605(a) by virtue of his purchase and use of the device.

This Court denies DirecTV's request for enhanced damages under § 605(e)(3)(C)(ii). The evidence establishes Haskell used DirecTV's transmissions at his private residence; DirecTV did not allege that Haskell utilized DirecTV's transmission in a commercial establishment. Because the term "private financial gain" does not include the gain resulting to any individual for the private use in such individual's residence of any programming for which the individual has not obtained authorization for that use, § 605(e)(3)(C)(ii) is not applicable. This is not a case in which DirecTV has made an adequate showing that Haskell was using the device for commercial advantage or private financial gain under circumstances which would warrant an additional statutory award under § 605(e)(3)(C)(ii).

■ Finally, DirecTV seeks an award of attorney fees in the amount of $ 1,920.00 [4] and costs. Section 605(e)(3)(B)(iii) mandates that courts "direct the recovery of full costs, including reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). This Court determines the litigation costs and attorney fees are reasonable. However, DirecTV's request for prejudgment interest is denied because there is no statutory basis in § 605 for such an award. *See*

*Getchel,* 2004 WL 1202717, at *4; *Albright,* 2003 WL 22956416, at *4.

## IV. CONCLUSION

Accordingly, this Court GRANTS Plaintiff's Motion to Dismiss with prejudice Counts I and II of the Complaint and AWARDS damages of $1,000.00 and attorney fees of $1,920.00 and costs in favor of Plaintiff and against Defendant.

SO ORDERED.

---

July 26, 2002); *Charter Communications Entm't I, LLC v. Shaw,* 163 F.Supp.2d 121, 125 (D.Conn.2001). Although Haskell has not returned his access card to DirectTV, there is no evidence what efforts, if any, DirecTV made to recover the access card from Haskell.

4. DirecTV's local counsel submitted an Affidavit in Support of Attorney Fees, stating that she charges $150.00 per hour and that her fees as of the September 7, 2004, hearing were $1,170.00. She estimated that the fees in connection with the hearing would be an additional $750.00.