**UNITED STATES of America, Plaintiff–Appellant,**

v.

**ONE MACOM VIDEO CIPHER II, SN A6J050073, et al., Defendants– Appellees,**

**Anthony E. Goldberg, Claimant– Appellee.**

**No. 91–4146.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 2, 1992.

Decided Feb. 3, 1993.

---

Kevin R. Conners (argued and briefed), Office of the U.S. Atty., Columbus, OH, for plaintiff-appellant.

Max Kravitz (briefed), Janet E. Kravitz (argued), Columbus, OH, for defendants-appellees.

Before: NELSON and SILER, Circuit Judges; and MILES, Senior District Judge.*

SILER, Circuit Judge.

The United States of America ("government") filed a forfeiture action under 18 U.S.C. § 2513 (1988) against certain electronic devices which were used, sent, carried, manufactured, assembled, possessed, sold, or advertised in violation of the Electronic Communications Privacy Act of 1986 ("ECPA"), specifically 18 U.S.C. §§ 2511 and 2512. The district court granted claimant-appellee's, Anthony E. Goldberg's, motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). For the

* The Honorable Wendell A. Miles, Senior United States District Judge for the Western District of Michigan, sitting by designation.

1. 18 U.S.C. § 2511(1) provides:

following reasons, the district court's order is REVERSED.

FACTS

On August 31, 1990, the Federal Bureau of Investigation executed a search warrant at claimant's premises and seized the subject res (the defendant electronic equipment). The seizure resulted from information received that claimant was cloning General Instruments Video Cipher II Satellite Descrambler Modules, and modifying otherwise legal descramblers by inserting the cloned modules. The modified descramblers enabled a purchaser to receive premium pay satellite television channels without paying a fee to the programmers.

On March 18, 1991, the government filed a § 2513 forfeiture complaint alleging that the electronic devices were unlawfully modified satellite decoders, manufactured and sold for the purpose of illegally intercepting encrypted signals of premium pay television programming networks such as HBO, ESPN, and others. The district court granted claimant's motion to dismiss, holding that the statutory language, legislative history, and case law interpreting the ECPA did not bring satellite descramblers within the scope of §§ 2511 and 2512.

ANALYSIS

The Electronic Communications Privacy Act was amended in 1986 for the purposes of "updat[ing] and clarif[ing] the Federal privacy protection and standards in light of dramatic changes in new computer and telecommunications technology." 1986 U.S.C.C.A.N. 2112, 2183. As a result, the issue of the ECPA's scope regarding the illegal use of modified descramblers is before this court for the first time.

ECPA SECTION 2111 [1]

Section 2511 of the ECPA prohibits the intentional interception of electronic com-

Except as otherwise specifically provided in this chapter any person who—

(a) intentionally intercepts, endeavors to intercept, or procures any other person to inter-

munications. 18 U.S.C. § 2511(1). The statute does except the unauthorized receipt of satellite television transmissions from its coverage. Likewise, § 2511 imposes no "surreptitiousness" requirement. Thus, as claimant manufactured and used modified descramblers for the purpose of intentionally intercepting satellite television programming, he violated § 2511.

## ECPA SECTION 2512

Section 2512 of the ECPA imposes criminal sanctions on anyone who intentionally "manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications." *See United States v. Hux,* 940 F.2d 314, 316 (8th Cir. 1991), overruled by *United States v. Davis,* 978 F.2d 415 (8th Cir.1992); 1986 U.S.C.C.A.N. 3555. Electronic communication is "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio. . . ." 18 U.S.C. § 2510(12). Arguably, this definition includes the transmission of satellite television signals, thereby giving the ECPA a broad application.

■ Claimant argues that the applicable statute in this action is 47 U.S.C. § 605.[2] Enacted prior to the ECPA, § 605 prohibits the unauthorized interception of traditional radio communications and communications transmitted by means of new technologies, including satellite communications. *See United States v. Herring,* 933 F.2d 932, 934, 937 (11th Cir.1991), vacated, 977 F.2d 1435 (11th Cir.1992). The legislative history of the 1986 ECPA amendments contains several statements that "satellite cable programming," as defined in § 605, is excluded from the coverage of the ECPA. However, some circuits have interpreted these statements as referring only to § 605(b), which exempts unencrypted satellite transmissions of television programming from the prohibition of § 605(a). *See United States v. Lande,* 968 F.2d 907 (9th Cir. 1992); *United States v. McNutt,* 908 F.2d 561 (10th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 955, 112 L.Ed.2d 1043 (1991). As unencrypted satellite transmissions are expressly excluded from the amendments by § 2511(2)(g)(iii)(II), these courts have inferred that Congress would have included in the amendments a broader exclusion than that provided by § 2511(2)(g)(iii)(II) if it had "intended to exempt all satellite pay television transmissions from the coverage of the ECPA." *Lande,* 968 F.2d at 912. It is unlikely that Congress intended to except all satellite television transmissions, as that would render the § 2511 exclusion as surplusage.

The circuits are split on the issue of whether the ECPA prohibits modification of descramblers to allow unauthorized viewing of scrambled satellite television. *Compare Lande,* 968 F.2d 907; *United States v. Splawn,* 963 F.2d 295 (10th Cir.

cept or endeavor to intercept, any wire, oral or electronic communication;

(b) intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when—

(i) such device is affixed to, or otherwise transmits a signal through a wire, cable, or other like connection used in wire communication; or

\* \* \* \* \* \*

(c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or

(d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

**2.** 47 U.S.C. § 605(d)(4) provides:

The importation, manufacture, sale, or distribution of equipment by any person with the intent of its use to assist in any activity prohibited by subsection (a) of this section shall be subject to penalties and remedies under this subsection to the same extent and in the same manner as a person who has engaged in such prohibited activity.

1992); and *McNutt*, 908 F.2d 561 (§ 2512 prohibits modification of descramblers), with *Herring*, 933 F.2d 932; and *Hux*, 940 F.2d 314 (reaching the opposite conclusion); *see also United States v. Shriver*, 980 F.2d 456 (7th Cir.1992), *rev'g* 782 F.Supp. 408 (C.D.Ill.1992) (evidentiary hearing required to determine the characteristics of the modified descramblers). In *McNutt*, the court concluded that satellite television transmissions carry "both images and sounds by radio waves and that the defendant's cloned descramblers were electronic devices which intercepted electronic communications." *McNutt*, 908 F.2d at 564–565. As the receipt of the programming was surreptitious, defendant was properly charged under § 2512. *See Lande*, 968 F.2d at 910 (modified descramblers are "primarily useful for the purpose of ... surreptitious interception" of satellite transmissions). On the other hand, *Herring* and *Hux* held that legislative history, prior case law, principles of statutory construction, and the existence of § 605 supported the finding that the modified descramblers were not subject to § 2512. *Hux*, 940 F.2d at 318; *Herring*, 933 F.2d at 932. These courts concluded that the ECPA's ambiguity and its history, considered with the fact that § 605 prohibits the modification of descramblers, indicated that § 2512 was not applicable to the modification of descramblers. *Id.* Upon considering the ECPA's statutory and case law history, in conjunction with the language of the act, this court is persuaded by the reasoning of the Ninth and Tenth Circuits.

Although the ECPA's legislative history contains statements referring to an exception for "satellite cable programming," several statements were made by sponsors of the act indicating that "the sanctions contained in this legislation would be imposed in addition to, and not instead of, those contained in section 605." *See Lande*, 968 F.2d at 912 (*quoting* 132 Cong.Rec. S14452–53 (Oct. 1, 1986)). Moreover, the ECPA's language does not indicate any intent to exempt satellite programming from its scope. In fact, the statute's plain language "encompasses satellite television signals ... [as] it is undisputed that satel-

lite television transmissions contain sounds and images and are carried via radio waves ... therefore ... constitut[ing] electronic communications under § 2510(12)." *McNutt*, 908 F.2d at 564.

■ Finally, where two statutes have similar but *ambiguous* language, then each must operate independently of the other. *United States v. Batchelder*, 442 U.S. 114, 118–121, 99 S.Ct. 2198, 2201–2203, 60 L.Ed.2d 755 (1979). As neither § 605 nor the ECPA specifically excludes the modification of descramblers from its application, claimant is subject to criminal prosecution under each statute. As a result, the defendant res is subject to § 2513 forfeiture.

## CONCLUSION

For the foregoing reasons, the district court's order of dismissal is REVERSED, and this case is REMANDED for further proceedings in compliance with this decision.