Londry v. Stream Realty Partners, L.P., 2026 NCBC 19.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
23CVS012833-590

JARED RAYMOND LONDRY and
POINTBLANK VENTURES, LLC,

Plaintiffs,

v.

STREAM REALTY PARTNERS,
L.P., STREAM REALTY
PARTNERS-CHARLOTTE, L.P.,
and DANIEL FARRAR,

Defendants.

**ORDER AND OPINION ON
DEFENDANTS' MOTION FOR
LIMITED RECONSIDERATION**

1.     **THIS MATTER** is before the Court upon Defendants' Motion for Limited
Reconsideration pursuant to North Carolina Rule of Civil Procedure 54(b) (Motion),
(ECF No. 54).

> *TLG Law, by David G. Redding and Tyler A. Rhoades, for Plaintiffs*
> *Jared Raymond Londry and Pointblank Ventures, LLC.*
>
> *Jackson Lewis P.C., by Daniel Leake II and Kathleen K. Lucchesi, and*
> *Moore & Van Allen PLLC, by Scott M. Tyler and Katherine McDiarmid,*
> *for Defendants Stream Realty Partners, L.P., Stream Realty Partners-*
> *Charlotte, L.P., and Daniel Farrar.*

Earp, Judge.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

2.     Plaintiff Jared Raymond Londry (Londry) alleges that, based on an oral
agreement with Defendant Daniel Farrar (Farrar), Londry became a partner in
Defendant Stream Realty Partners-Charlotte, L.P. (Stream Charlotte).

3. After resigning from his position with Stream Charlotte, Londry initiated this action by filing the Complaint on 25 July 2023. (Compl., ECF No. 3.) Londry asserted claims for breach of contract against Stream Charlotte and its parent Stream Realty Partners, L.P. (Stream); breach of the alleged partnership agreement, breach of fiduciary duty, and fraud against Farrar; and unfair and deceptive trade practices against all Defendants. (*See generally* Compl.)

4. On 4 March 2024, Londry filed an Amended Complaint adding Plaintiff Pointblank Ventures, LLC (Pointblank) as a party and adding a claim for wrongful interference with contract against all Defendants. (First Am. Compl. [Am. Compl.], ECF No. 32.)

5. Defendants filed their Motion for Summary Judgment on 29 November 2024, seeking a judgment on all claims Plaintiffs asserted against them. (ECF No. 42.) On 2 December 2024, Plaintiffs filed a Motion for Partial Summary Judgment requesting offensive summary judgment on their wrongful interference with contract claim. (ECF No. 44.)

6. The Court issued its Order and Opinion on the Motions for Summary Judgment on 7 July 2025. *Londry v. Stream Realty Partners, L.P.*, 2025 NCBC LEXIS 80 (N.C. Super. Ct. July 7, 2025) (the Summary Judgment Order). Among its rulings, the Court denied Defendants' motion on Plaintiffs' breach of partnership agreement and breach of fiduciary duty claims, holding that "absent Stream Charlotte's partnership agreement, and given the mix of evidence presented, the Court cannot

conclude, as a matter of law, whether Londry and Farrar reached an enforceable agreement to divide Farrar's interest in Stream Charlotte." *Id.* at *31, 33.

7. On 17 July 2025, Defendants filed the present Motion seeking reconsideration of this ruling. After full briefing, the Motion is now ripe for disposition.[1]

## II. LEGAL STANDARD

8. "Rule 54(b) is the source of authority for what litigants typically refer to as motions to reconsider." *Pender Farm Dev., LLC v. NDCO, LLC*, 2020 NCBC LEXIS 110, at *4 (N.C. Super. Ct. Sep. 25, 2020) (citation and internal quotations omitted). It provides that an interlocutory ruling "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." N.C. R. Civ. P. 54(b).

9. Absent guidance from North Carolina's appellate courts on the standard to apply when considering a motion to reconsider an interlocutory ruling under Rule 54(b), the Court turns to federal case law addressing similarly worded portions of Federal Rule 54(b). *See Ehmann v. Medflow, Inc.*, 2019 NCBC LEXIS 10, at *9 (N.C. Super. Ct. Feb. 6, 2019) ("Without the benefit of North Carolina appellate precedent, in considering a motion for reconsideration the Business Court has previously relied on case law addressing Federal Rule of Civil Procedure 54(b)." (citations omitted)).

10. "Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional

---

[1] The Court determines, in its discretion, that oral argument will not aid in its decision and issues this ruling without a hearing pursuant to BCR 7.4.

evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 566 (M.D.N.C. 2005) (citations omitted). As this Court has observed, however, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *W4 Farms, Inc. v. Tyson Farms, Inc.*, 2017 NCBC LEXIS 99, at *5 (N.C. Super. Ct. Oct. 19, 2017) (citing *DirecTV, Inc. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004)). "A motion for reconsideration under Rule 54(b) is within the trial court's discretion." *Id.* (citing *Akeva*, 385 F. Supp. 2d at 565); *Ward v. FSC I, LLC*, 2017 NCBC LEXIS 19, at *6 (N.C. Super. Ct. Mar. 7, 2017) (citations omitted).

11. In addition to Rule 54(b), Rule 60(a) permits a judge to correct, upon his or her own initiative, "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission[.]" N.C. R. Civ. P. 60(a). Further, "[a]n order denying summary judgment is not *res judicata* and a judge is clearly within his rights in vacating such denial." *Miller v. Miller*, 34 N.C. App. 209, 212 (1977).

### III.   ANALYSIS

12. Defendants present the Stream Charlotte Partnership Agreement (Partnership Agreement) and argue that it constitutes additional evidence that was not previously available to the Court, and that it is therefore appropriate for the Court to consider it now under Rule 54(b). (Mem. L. Supp. Defs.' Mot. Limited Recons. [Defs.' Mem.] 4, ECF No. 55.) They argue that the Partnership Agreement did not vest Farrar with the authority to transfer a portion of his ownership interest

in Stream Charlotte to Londry and therefore Londry could not have become a partner by virtue of any communication with Farrar alone. Consequently, they maintain, no fiduciary duty based on a partnership existed. (Defs.' Mem. 4–6.)

13. Plaintiffs respond that the Partnership Agreement is not newly discovered evidence because it has always been available to Defendants. (Mem. L. Opp'n Defs.' Mot. Limited Recons. [Pls.' Opp'n] 2, ECF No. 59.) Plaintiffs conclude that it is "improper to use [the Motion] to 'ask the Court to rethink what the Court has already thought through—rightly or wrongly.' " (Pls.' Opp'n 2 (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (cleaned up))).

14. On this point, the Court agrees with Plaintiffs. The Partnership Agreement was indisputably available to Defendants and could have been presented with their Motion for Summary Judgment. *See South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017) ("[A] motion to reconsider an interlocutory order should not be used to rehash arguments the court has already considered" or "to raise new arguments or evidence that could have been raised previously." (citations omitted)). Accordingly, Defendants' Motion on that basis lacks merit.

15. However, Rule 54(b) also allows for reconsideration of an interlocutory order when the prior decision was based on clear error or would work manifest injustice. N.C. R. Civ. P. 54(b); *Akeva*, 385 F. Supp. 2d at 566. In addition, as stated above, Rule 60(a) authorizes the Court to reconsider its own interlocutory rulings, *see Miller*, 34 N.C. App. at 212, and the Court finds reason to do so here.

16. In the Summary Judgment Order, the Court entered judgment for Defendants on Plaintiffs' claims for (1) breach of contract against Stream and Stream Charlotte for allegedly divesting Londry of his partnership and stripping him of his title as co-Market Leader; (2) fraud against Farrar; (3) unfair and deceptive trade practices against all Defendants; and (4) wrongful interference with contract against all Defendants. *Londry*, 2025 NCBC LEXIS 80, at *40–41. The Court denied summary judgment as to Plaintiffs' claims against Stream and Stream Charlotte for allegedly failing to pay commissions and profit participation and for violating the implied covenant of good faith and fair dealing, as well as Plaintiffs' claims against Farrar for breach of the partnership agreement and breach of fiduciary duty based on the alleged partnership. *Id.* at *40.

17. Londry contends that he became a partner in Stream Charlotte as a result of Farrar's alleged promise to transfer half of Farrar's own 30% interest in Stream Charlotte to Londry prior to Londry's employment there. At paragraph 56 of the Summary Judgment Opinion, the Court stated:

> Londry also argues that he became a partner in Stream Charlotte because Farrar transferred half of his own interest in Stream Charlotte to Londry. However, it is undisputed that Farrar did not transfer an ownership interest to Londry and instead transferred a 15% ownership interest back to Stream as part of Stream's agreement to bring Londry onboard. Consequently, Londry cannot find his way to a partnership interest in Stream Charlotte through an alleged agreement with Farrar.

*Londry*, 2025 NCBC LEXIS 80, at *23–24.

18. Nevertheless, the Court was troubled that neither side provided Stream Charlotte's Partnership Agreement and reasoned that, absent that agreement, it

could not conclude whether Farrar's alleged promise resulted in an enforceable agreement between Londry and Farrar. *Id.* at *31. Consequently, the Court denied Defendants' motion for summary judgment on the breach of fiduciary duty claim because "the Court [could not] determine whether a legal partnership, and therefore an accompanying fiduciary relationship, existed between Londry and Farrar." *Id.* at *33.

19. In reaching its decision, however, the Court placed the burden of producing the Partnership Agreement on Defendants, the moving party, rather than on Londry. On further reflection, that was incorrect. Defendants moved for summary judgment and presented substantial evidence that Londry was not a partner in Stream Charlotte. *See Londry*, 2025 NCBC LEXIS 80, at *22–24, 28–31. It was then Londry's burden to present evidence showing that a genuine issue of material fact existed with respect to his status as a partner. N.C. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party . . . must set forth specific facts showing that there is a genuine issue for trial."); *see also Lowe v. Bradford*, 305 N.C. 366, 369–70 (1982) (stating that after the movant satisfies its burden under Rule 56, "then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial" (citation modified)).

20. To do that, Londry presented his own testimony that Farrar, who held a minority interest, promised to make Londry a partner. He failed to present evidence supporting Farrar's authority as a minority partner to single-handedly make this decision. *See* N.C.G.S. § 59-39(b) ("An act of a partner which is not apparently for the

carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners.").

21. Without evidence sufficient to raise a genuine issue of fact regarding Londry's status as a partner of Stream Charlotte, there can be no claim for breach of the partnership agreement. *See Cutter v. Vojnovic*, 388 N.C. 1, 18 (2025) ("A lack of co-ownership is fatal to plaintiff's claim that a partnership existed." (citing N.C.G.S. § 59-36(a)). Accordingly, Defendants' motion for summary judgment with respect to this claim shall be **GRANTED**.

22. Londry bases his breach of fiduciary duty claim against Farrar on the existence of a partnership. (Am. Compl. ¶¶ 89–90.) Without one, there is no fiduciary duty and no valid legal claim. *Dalton v. Camp*, 353 N.C. 647, 651 (2001) ("For a breach of fiduciary duty to exist, there must first be a fiduciary relationship between the parties." (citations omitted)); *Haddock v. Volunteers of Am., Inc.*, 2021 NCBC LEXIS 70, at *23 (N.C. Super. Ct. Aug. 25, 2021) ("The Amended Complaint and its attachments fail to establish the existence of a partnership carried on by the parties and thus Plaintiffs' first claim for relief to the extent it is based on a 'breach of fiduciary duty as a partner' cannot survive the Motion to Dismiss.").

23. Therefore, Defendants' Motion for Summary Judgment shall be **GRANTED** on this claim as well.

## IV. CONCLUSION

24. **WHEREFORE**, for the reasons stated herein, the Court, in the exercise of its discretion, **GRANTS** Defendants' Motion for Limited Reconsideration and

**AMENDS** the Summary Judgment Order to replace paragraphs 77, 82, and 103 as follows:

A. **Paragraph 77. Accordingly, Defendants' Motion for Summary Judgment with respect to Londry's claim for breach of an alleged partnership agreement shall be GRANTED.**

B. **Paragraph 82. As stated above, Londry has not presented evidence sufficient to raise a fact issue regarding the existence of a partnership, the source of the alleged fiduciary duty. Therefore, the Court GRANTS Defendants' Motion for Summary Judgment with respect to Londry's claim for breach of fiduciary duty.**

C. **Paragraph 103. WHEREFORE, the Court hereby GRANTS in part and DENIES in part Defendants' Motion for Summary Judgment, DENIES Plaintiffs' Partial Motion for Summary Judgment and ORDERS as follows:**

a. **With respect to the First and Second Causes of Action (Breach of Contract Against Stream and Against Stream Charlotte) for failing to pay commissions and profit participation and for violating the implied covenant of good faith and fair dealing, Defendants' Motion is DENIED. Defendants' Motion is GRANTED with respect to the remaining contract claims (for allegedly divesting Londry of a partnership and stripping him of his title as co-Market Leader), the Fifth Cause of Action (Fraud against**

Farrar), and the Seventh Cause of Action (Unfair Trade Practice against all Defendants).

b. As to the Third Cause of Action (Breach of Partnership Agreement against Farrar) and the Fourth Cause of Action (Breach of Fiduciary Duty against Farrar), Defendants' Motion is GRANTED.

c. With respect to the Sixth Cause of Action (Wrongful Interference with Contract against All Defendants), Defendants' Motion is GRANTED and Plaintiffs' Motion is DENIED.

d. The Court shall set a status conference to determine a trial date in this matter.

25. The Court determines that no other changes to the Summary Judgment Order are appropriate or necessary.

**SO ORDERED**, this the 9th day of March, 2026.

/s/ Julianna Theall Earp
Julianna Theall Earp
Special Superior Court Judge
for Complex Business Cases