## Kevin POTTER, Plaintiff,

v.

## Marguerite POTTER, et al., Defendant.

### No. MJG–00–63.

United States District Court,
D. Maryland.

April 11, 2001.

---

Kevin Potter, Millville, NJ, pro se.

Harry Potter, Delmar, MD, pro se.

Patricia McHugh Lambert, Hodes Ulman Pessin & Katz, P.A. Towson, MD, Michael L. Sandul, Annapolis, MD, for Nationwide Mutual Automobile Insurance Company, Nationwide Mutual Fire Insurance Company.

Patricia McHugh Lambert, Hodes Ulman Pessin & Katz, P.A. Towson, MD, for Christine Parks.

## MEMORANDUM AND ORDER

GRIMM, United States Magistrate Judge.

Kevin Potter, acting *pro se*, filed this action against his parents, seeking damages for personal injury. (Paper No. 1.) Mr. Potter alleges that his parents were negligent in not having a tree, which they knew had been struck by lightning, removed from their property. He claims that while he was on his parents' property helping them garden, his father negligently tried to remove the sixty-foot tree by himself, which caused the tree to fall, strike and injure Mr. Potter. The Defendant-parents, acting *pro se*, filed an answer admitting every allegation in the complaint and stipulating to the $500,000 in damages Mr. Potter is seeking. (Paper No. 3.)

Nationwide Insurance Company ("Nationwide"), the parents' homeowner and automobile policy insurer, filed a motion to intervene as a defendant in this case, as a claim has been made by the Defendant-parents for the payment of Mr. Potter's claim against them. (Paper No. 11.) That motion was granted. (Paper No. 13.) Nationwide filed a cross-claim against the Defendant-parents seeking a declaratory judgment on the issues of insurance coverage and the duty to defend and indemnify the parents in this action. (Paper No. 15.)

Thereafter, Nationwide served discovery requests on Mr. Potter. On September 27, 2000, Mr. Potter filed a motion for a protective order, which sought to halt all discovery against him, as he alleged that his injuries rendered him incapable of responding. (Paper No. 19.) The Court denied his motion for a protective order, and ordered that Mr. Potter's responses to the discovery requested by Nationwide would be complete and unevasive, as is required by Rule 37(a)(3), and cautioned him that a failure to comply with the Order could subject him to sanctions under Rule 37(b)(2), a copy of which was attached to the Order. (Paper No. 42.)

On July 11, 2000, Mr. Potter filed a motion for leave to file an amended complaint, which was granted. (Paper Nos. 17, 23.) Mr. Potter then amended the complaint on October 5, 2000. (Paper No. 24.) On January 23, 2001, Nationwide filed a motion to dismiss Mr. Potter's amended complaint, for failure to provide the discovery that had been ordered by the Court. (Paper No. 63.) In that motion, Nationwide identified ten specific discovery responses of Mr. Potter's that it viewed as deficient. On March 7, 2001, the undersigned issued an Order ruling on this motion. (Paper No. 84.) That Order denied the request for dismissal of the amended complaint, but provided specific instructions to Mr. Potter regarding what information

had to be provided, within 21 days, and identified the sanctions that were recommended for imposition by Judge Garbis, in the event that Mr. Potter again failed to comply with the Court's Order. These sanctions included prohibitions against Mr. Potter introducing at trial evidence to support his liability and damages claims against Nationwide, pursuant to Rule 37(b)(2)(B).

Nationwide now has filed a motion for reconsideration of the Court's March 7, 2001 Order. (Paper No. 85.) Nationwide does not identify any of the grounds under which a motion for reconsideration customarily may be granted.[1] Instead, it asks the Court to consider additional exceptions it has to the sufficiency of Mr. Potter's discovery responses. Nationwide candidly acknowledges that it was aware of these alleged deficiencies when it filed its motion to dismiss, but in the interest of "judicial economy" only asked the Court to address the ten that it raised in the motion. Nationwide now asks the Court to reconsider its earlier ruling not to dismiss the amended complaint, or in the alternative, to consider an additional eighteen allegedly deficient discovery responses it received from Mr. Potter, of which it was aware when the motion to dismiss was filed, but did not raise. For the following reasons, this motion must be DENIED.

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for a motion for reconsideration, denominated as such. However, Rule 7 defines a motion as any request, written or oral, to the court that requests the issuance of an order. Therefore, Rule 7 is broad enough to permit a party to seek virtually any relief, including a request that it reconsider an order that it previously issued. The local rules of this Court permit the filing of a motion for reconsideration, within ten days of the issuance of the order that is the subject of the motion. L.R. 105.10. The rule, however, contains no standard for its application,

nor has this Court, or the Fourth Circuit, identified such a standard. Other courts have, and their guidance is instructive. In the widely cited case of *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D.Va.1983), the court noted that there are "circumstances when a motion to reconsider may perform a valuable function", but added that it was improper to use such a motion to "ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Id.* at 101. The Court concluded:

> The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. **Such problems rarely arise and the motion to reconsider should be equally rare.**

*Id.* (emphasis added). Other courts that have considered this issue are in accord. *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Ca.1986), *rev'd on other grounds*, 828 F.2d 514 (9th Cir.1987) ("Courts have distilled various grounds for reconsideration of prior rulings into three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice."); *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1241 (D.Del.1990); *Shields v. Shetler*, 120 F.R.D. 123, 125–26 (D.Colo. 1988) (recognizing the three customary reasons for granting a motion for reconsideration, providing they are of a "strongly convincing" nature, and observing that a motion for reconsideration "is not a license for a losing party's attorney to get a second bite at

---

1. A motion for reconsideration is appropriate to "correct manifest errors of law or fact or to present newly discovered evidence," *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d. Cir. 1985) (*quoting Keene Corp. v. International Fidelity Insur. Co.*, 561 F.Supp. 656, 665 (N.D.Ill. 1982)), or where there has been an intervening change in controlling law. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D.Co.1988); *Above the Belt, Inc., v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983).

the apple"); *United States v. Smithfield Foods, Inc.,* 969 F.Supp. 975, 977 (E.D.Va. 1997). The learned commentators agree. 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4478 (2d ed.1981) (observing that permitting a motion for reconsideration for only limited grounds protects both the courts and the parties against the burden of repeat arguments by unyielding advocates).

The logic of these cases is apparent. When parties file a motion with the court, they are obligated to insure that it is complete with respect to facts, law and advocacy. Once a court has issued its ruling, unless one of the specific grounds noted above can be shown, that should end the matter, at least until appeal. Were it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience. Hindsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order. It is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it. In the relatively rare instances when there has been an intervening change in the controlling law, or the court has made a clear error in its initial ruling, or new facts have surfaced, that could not have been discovered through the exercise of due diligence before the motion was filed, then a request for reconsideration can perform a valuable function, allowing the court quickly to correct a clear error or injustice, and sparing the parties the need to appeal.

In the present instance, none of the justifications for a motion to reconsider are present. Nationwide had the opportunity to raise all perceived deficiencies in Mr. Potter's discovery responses when it filed its motion to dismiss. It purposely chose only to raise ten. It is too late now to come back for more. Further, Nationwide has provided no valid basis for the court to reconsider its decision to impose lesser sanctions than dismissal for the specific discovery deficiencies that it identified in its motion to dismiss. The sanctions recommended by the court are sufficient, and if Mr. Potter again fails to comply with this Court's Order, it likely would prove fatal to his ability to maintain his claims against Nationwide, as they would foreclose introduction of evidence critical to his liability and damages claims.

For the reasons stated above, Nationwide's motion for reconsideration is **DENIED.**