**Dwayne H. WISEMAN and Steven J. Leonard, Plaintiffs,**

v.

**FIRST CITIZENS BANK & TRUST COMPANY; First Citizens Bank & Trust Company, Trust Department; John Doe Nos. 1 through 6 and Jane Doe Nos. 1 through 6, individually and in their respective capacities as the Plan's Sponsor, Trustee, Administrator, and Committee; and the Plan, Defendants.**

No. CIV. 1:02CV41.

United States District Court,
W.D. North Carolina,
Asheville Division.

May 27, 2003.

Kevin A. Kauer, Kilpatrick, Stockton LLP, Charlotte, NC, Jesse C. Belcher, J. W. Matthews, III, H. Donald Sellers, Haynsworth, Sinkler, Boyd, P.A., Greenville, SC, for plaintiffs.

Gary J. Rickner, Ward and Smith, New Bern, NC, George Ward Hendon, Adams, Hendon, Carson, Crow & Saenger, PA, Asheville, NC, for defendants.

### *MEMORANDUM AND ORDER*

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Plaintiffs' motion for reconsideration of the Court's Memorandum and Order filed January 9, 2003, denying class certification. Responses have been filed and the motion is ready for resolution.

### I. FACTUAL AND PROCEDURAL HISTORY

A complete recitation of the facts is contained in the Court's January 9, 2003, Memorandum and Order. The following procedural and factual history is relevant to the motion at hand. Plaintiffs are former employees of First Citizens Bank and participate in the Capital Accumulation Plan for the Employees of First Citizens Bank & Trust Company and Adopting Related Employers (hereinafter, "the Plan"). The Plan is a self-directed 401(k) plan. Complaint, filed February 14, 2002, at 1. They allege that Defendants breached their fiduciary duty by "mapping over" their accounts from the First Citizens' Pooled Stock Fund to the Federated Long Term Growth Fund (LTGF) during a plan-wide change of offerings. Plaintiffs filed a motion for class certification, with the class composed of "all Plan Participants whose account balances in the Value Fund were involuntarily mapped over on July 1, 2000, into ·the Growth Fund." Complaint, at 13. After written memoranda

were filed and oral arguments were heard, this Court denied Plaintiffs' motion for class certification, finding that the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a) were not met. Order, filed January 9, 2003, at 14. In particular, the Court found that individual issues would predominate the litigation, making a class action inappropriate. Plaintiffs now ask the Court to reconsider its ruling.

## II. DISCUSSION

 The Federal Rules of Civil Procedure do not specifically contain a "motion for reconsideration." Such motions, however, are allowed in certain, limited circumstances. It is improper to file a motion for reconsideration simply to "ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983). A motion for reconsideration would be appropriate where:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ... [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

*Id.* The limited use of a motion to reconsider serves to ensure that parties are thorough and accurate in their original pleadings and arguments presented to the Court. To allow motions to reconsider offhandedly or routinely would result in an unending motions practice. *Potter v. Potter*, 199 F.R.D. 550, 553 (D.Md.2001).

 In their motion for reconsideration, the Plaintiffs seem to claim, albeit indirectly, that the Court "patently misunderstood" their claim. The undersigned, therefore, will entertain the *motion to reconsider class certification*. The Court, however, will not entertain new, unrelated arguments, presented for the first time in Plaintiffs' motion for reconsideration. *See id.* (noting that new arguments should not be considered because "[h]indsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order.")

Plaintiffs argue that the retirement plan at issue was not a 404(c) plan protected by 29 U.S.C. § 1104(c)(1); even if it were, none of the Plaintiffs in the proposed class exercised independent control over their accounts and, therefore, the protection would not apply. Plaintiffs' Memorandum in Support of Motion to Reconsider Denial of Class Certification ["Plaintiffs' Memorandum"], filed January 23, 2003, at 3. Plaintiffs contend that individual issues would not predominate and, therefore, class certification should be granted. *Id.* The undersigned finds that regardless of the 404(c) status of the plan, individual issues will predominate and, therefore, class certification is improper.

The Plan at issue allows participants to control and manage their retirement assets in their account and to direct them into any of the available funds. By statute:

> [i]n the case of a pension plan which provides for individual accounts and permits a participant ... to exercise control over the assets in his account, if a participant ... exercises control over the assets in his account (as determined under regulations of the Secretary) ... no person who is otherwise a fiduciary shall be liable ... for any loss ... which results from such participant's ... exercise of control.

29 U.S.C. § 1104(c)(1)(B). This statute is regulated by 29 C.F.R. § 2550.404c–1 and plans under this regulation are known as 404(c) plans. This regulation lists the requirements a plan must fulfill in order to qualify as a 404(c) plan. One requirement is that the fiduciaries explain both that the plan is intended to be a 404(c) plan and that the fiduciaries will be relieved of any liability resulting from an investor's exercise of independent control over his own account. 29 C.F.R. § 2550.404c–1(b)(2)(B)(1)(i).

The Plaintiffs now allege that the Defendants failed to provide this required information to the proposed class. Plaintiffs' Memorandum, at 4–5. Plaintiffs did not make such an allegation in their complaint. Further,

Plaintiffs' counsel alluded to the Plan being a 404(c) plan during the class certification hearing. Plaintiffs' counsel read from the ERISA preamble to the relevant statute, explaining that the Court would first have to find that the Plaintiffs "had, at that point in time, effectively exercised control over the investment" before relieving the Defendants of their fiduciary duty. Transcript from November 26, 2002 Hearing, (hereinafter, "Transcript") at 15. Counsel further quoted from the preamble to "the regulation that implements Section 404(c)," explaining that the issue is whether the participants' decisions "have affirmatively been made by participants and beneficiaries who have exercised independent control." *Id.* at 22. Plaintiffs now contend that 404(c) does not apply to the Plan.

Defendants counter that the "sum total" of their communications provided the necessary information to plan participants for 404(c) to apply. Defendants' Opposition to Plaintiffs' Motion for Reconsideration, filed February 10, 2003, at 11. Whether or not sufficient information was provided to the proposed class is a question of fact relating to one of the main issues of this case. Even if the 404(c) protection does not apply, though, class certification is inappropriate because of the predominance of individual issues.

Plaintiffs claim that Defendants breached their fiduciary duty by misrepresenting the nature of the Federated LTGF to the plan participants. Complaint, ¶ 29(f). Specifically, Plaintiffs allege that "Defendants misrepresented to Participants that '[o]ur current First Citizens Bank Funds [e.g. Value Fund] will be replaced by Federated funds [e.g. Growth Fund] with *similar investment histories and objectives.*'" *Id.*, ¶ 16 (emphasis in original). Such a misrepresentation, according to Plaintiffs, was a breach of Defendants' fiduciary duty.

■ To prove an ERISA breach of fiduciary duty based on a misrepresentation, a plaintiff must establish each of the following elements: "(1) the defendant's status as an ERISA fiduciary acting as a fiduciary; (2) a misrepresentation on the part of the defendant; (3) the materiality of that misrepresentation; and (4) detrimental reliance by the

plaintiff on the misrepresentation." *Daniels v. Thomas & Betts Corp.*, 263 F.3d 66, 73 (3rd Cir.2001); *see also, Adams v. Freedom Forge Corp.*, 204 F.3d 475, 492 (3rd Cir.2000) (internal citation omitted) (holding that "[a]n employee may recover for a breach of fiduciary duty [under ERISA] if he or she proves that any employer, acting as a fiduciary, made a material misrepresentation that would confuse a reasonable beneficiary about his or her benefits, and the beneficiary acted thereupon to his or her detriment.")

■ If the Plan at issue does not qualify as a 404(c) plan, Plaintiff would still have to prove the fourth element of a misrepresentation claim: detrimental reliance by the plaintiff on the misrepresentation. In order to prove detrimental reliance, the Plaintiffs would have to establish that each member of the proposed class relied on the Defendants' alleged misrepresentations in making his investment decisions. *See Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 457 (11th Cir. 1996) (denying class certification in an ERISA case because plaintiffs' requirement of showing that all members of the class would have deferred their retirement, had the misrepresentation not been made, defeated commonality); *Willett v. Blue Cross & Blue Shield of Alabama*, 953 F.2d 1335, 1343 (11th Cir.1992) (noting that a breach of fiduciary duty must be the proximate cause of losses claimed by plaintiffs); *Brandt v. Grounds*, 687 F.2d 895, 898 (7th Cir.1982) (requiring proof of a causal connection between breach of fiduciary duty and losses incurred); *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 279 (2d Cir.1992). Such proof requires an individualized analysis and cannot be presumed from the behavior of the named Plaintiffs. Each member of the proposed class would have to establish that he relied on the misrepresentation in deciding to maintain his investment in the LTGF after the freeze had been lifted. This burden is too individualized to meet the commonality requirement of a class action.

While the named Plaintiffs may have indeed relied on the alleged misrepresentations, Defendants have produced affidavits

from Plan participants who would otherwise qualify as members of the class, but who have admitted that they did not rely on any alleged misrepresentation when deciding upon their investments. For example, Mary Jane Lowe testified in her affidavit that she decided to maintain her investment in the LTGF after evaluating it as an investment and reading its prospectus. *See* Exhibit 13, Affidavit of Mary Jane Lowe, *attached to* Defendants' Memorandum in Opposition to Plaintiffs' Motion to Certify Action as Class Action, filed August 13, 2002. Her decision was not based on any alleged misrepresentation made by First Citizens. This particular plaintiff would not be able to establish the required reliance element of the misrepresentation claim and should not recover any damages for the alleged breach. This plaintiff is surely not unique. An individual analysis, therefore, of each Plaintiff's acquisition of knowledge about the LTGF and his reliance on that knowledge would be required. Such an evaluation of a *prima facie* element, performed for each plaintiff, requires too much of an individual analysis to meet the commonality requirement of Rule 23(a).

Because individual issues will predominate this litigation, regardless of whether the Plan is considered a 404(c) plan, class certification is inappropriate. The Court, therefore, reaffirms its ruling denying the motion for class certification.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' motion to reconsider denial of class certification is **ALLOWED,** and the Court hereby **REAFFIRMS** is previous ruling denying the motion for class certification.