**UNITED STATES of America**

v.

**Cecil Byron KNOX, III,
et al., Defendants.**

**No. 7:02CR00009.**

United States District Court,
W.D. Virginia,
Roanoke Division.

April 1, 2005.

Thomas J. Bondurant, Jr., Chief, Criminal Division, United States Attorney's Office, and C. Patrick Hogeboom, III, Assistant United States Attorney, Roanoke, Virginia, for United States.

Anthony F. Anderson, Anderson & Friedman, Roanoke, Virginia, and John E. Lichtenstein, Lichtenstein, Fishwick & Johnson, PLC, Roanoke, Virginia, for Defendant Cecil Byron Knox, III.

William H. Cleaveland, Roanoke, Virginia, for Defendant Beverly Gale Boone.

## OPINION AND ORDER REGARDING PLACE OF TRIAL

JONES, Chief Judge.

The defendants, Cecil Byron Knox, III, a physician, and Beverly Gale Boone, his former office manager and nurse, have been charged with racketeering and other related offenses arising out of Knox's medical practice in this district. Knox and Boone, along with other persons who are no longer defendants, were first tried in 2003. After an eight-week trial they were

acquitted of some charges, but the jury deadlocked on others. The government thereafter decided to seek another trial against Knox and Boone. In a superseding indictment, Knox was additionally charged with perjury arising out of his testimony at the first trial.

The retrial has been delayed because of Knox's illness.[1] Recently, the case has been reassigned to me and counsel have agreed that the case may now be reset for trial. The issue before me, however, is the place of trial within the district.

Following the first trial, the then-presiding judge, Judge Wilson, determined that the extensive publicity concerning the case justified the use of a jury venire summonsed from outside of the immediate vicinity of Roanoke.[2] The government has now requested that the trial be moved to the Abingdon Division. An Abingdon trial would have the benefit of a jury venire likely unaffected by any prior publicity in the case, and would be less disruptive to other judicial business since it is the location of my chambers and the bulk of my other case assignments. Abingdon is approximately 130 miles from Roanoke by interstate highway.

The defendants do not dispute the wisdom of minimizing any effects of prior media attention by the use of a restricted jury venire, but object to moving the trial. I have allowed both sides to brief the question.

A federal criminal defendant has no constitutional right to trial in a particular division within a judicial district. *See United States v. Truglio,* 731 F.2d 1123, 1130 (4th Cir.1984), *overruled on other grounds, United States v. Burgos,* 94 F.3d 849, 861 (4th Cir.1996); *United States v. Florence,* 456 F.2d 46, 50 (4th Cir.1972). The criminal rules provide that "[t]he court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses and the prompt administration of justice." Fed.R.Crim.P. 18. The court must exercise its discretion after balancing the relevant factors. *See Truglio,* 731 F.2d at 1130 (holding that district court did not abuse its discretion in holding trial in Clarksburg, West Virginia, rather than Wheeling, West Virginia, 122 miles and three hours driving time away, even though all defendants and their witnesses resided in Wheeling); *Florence,* 456 F.2d at 50 (holding that district court did not abuse its discretion in holding trial in Elkins, West Virginia, rather than Parkersburg, West Virginia, 125 miles away, even though defendant and his witnesses lived in Parkersburg).

In addition to reasons of convenience for the defendants and their attorneys, it is argued on Knox's behalf that his medical condition supports a trial in Roanoke, where he lives. His counsel has submitted a letter dated March 17, 2005, from William A. Fintel, M.D., in which Fintel advised that Knox "appears to remain in

---

**1.** The Motion for Continuance filed on Knox's behalf on November 24, 2004, asserted that Knox's physician "suspects a relapse of Defendant's illness, Non–Hodgkin's Lymphoma."

**2.** This district has seven divisions, including the Roanoke Division, the place of the first trial and location of defendant Knox's medical office. The Roanoke Division consists of the counties of Alleghany, Botetourt, Craig,

Giles, Pulaski, Montgomery, Roanoke, Floyd, Franklin, Carroll, Grayson, Bland, Wythe and the independent cities of Clifton Forge, Covington, Radford, Roanoke, Salem and Galax. Judge Wilson directed that the jury venire exclude persons from Botetourt County, Roanoke County, and the cities of Roanoke and Salem, and that potential jurors from the Lynchburg Division also be summonsed. (Order, Oct. 4, 2004.)

remission" from his illness, but that "I do believe that it is very important that he be able to rest at home while he undergoes the substantial stress of another extended trial. The circumstances could hardly be more difficult for Cecil and for his health's sake I make this request." In response, the government has questioned Fintel's objectivity, pointing out that Fintel serves as a trustee of a "legal defense fund" set up to raise money for Knox's legal expenses.

■ The defendants also contend that the trial should not be moved because Judge Wilson previously determined to retry the case in Roanoke, albeit with a jury panel drawn from both the Lynchburg and Roanoke Divisions and excluding jurors from Roanoke and its immediate vicinity, and that decision constitutes the "law of the case" not subject to revision under the present circumstances.

■ Under the law of the case doctrine, a court should not reconsider matters already decided in a case except in limited circumstances, such as a change in the applicable law. Otherwise, there would be little finality to judicial rulings, " 'each motion becoming nothing more than the latest installment in a potentially endless serial.' " *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir.2005) (quoting *Potter v. Potter*, 199 F.R.D. 550, 553 (D.Md.2001)). However, there is no indication in the record that Judge Wilson considered a trial in the Abingdon Division, and he certainly did not decide the

impact of a trial in Roanoke on the prompt administration of justice in other cases assigned to me. The law of the case doctrine applies only where the issue in question has been "decided explicitly or by necessary implication in [the] previous disposition." *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir.1982). Thus, I am not precluded by any earlier ruling in the case from considering the government's request.

I do not discount that there are unspoken tactical considerations underlying the parties' respective positions. It is clear that there has been substantial publicity about this case in Roanoke, and that the media coverage was not necessarily unfavorable to the defendants.[3] I can understand why the government might favor a jury panel that has not been subjected to such coverage, and why the defendants would feel otherwise. However, I decide this issue regardless of any perceived advantage.

Balancing all of the relevant factors, I find that holding the trial in Abingdon is appropriate. Any personal inconvenience to the defendants and the witnesses is overcome by the delay that would be occasioned in other cases pending in the Abingdon and Big Stone Gap divisions. While I appreciate defendant Knox's need to rest, there are numerous hotels available in close proximity to the Abingdon courthouse at which he can rest between trial days, so that there would be no need for him to commute from Roanoke to Abing-

---

**3.** For example, articles on the case in the major newspaper in the Roanoke area included the following: Jen McCaffery, *Juror: 1 Vote Keeps Serious Charges Alive: Defendants Just Miss Major Win*, Roanoke Times, Nov. 7, 2003, at A1; Jen McCaffery, *Jury Finds Pain Specialist Not Guilty on Many Charges: Juror: Evidence Was Weak*, Roanoke Times, Nov. 1, 2003, at A1. The newspaper editorially criticized the United States Attorney for the han-

dling of the case. *See* Editorial, *Roanoke's Political U.S. Attorney*, Roanoke Times, Oct. 16, 2003, at A18. The newspaper's designated market area includes the Roanoke Division and portions of the Lynchburg Division. *See* Audit Bureau of Circulation, *Reader Profile, The Roanoke Times (Morning & Sunday)*, Roanoke, VA (2004), *available at* www.accessabc.com/reader.

don on a daily basis. Further, the government represented that the majority of its witnesses in the case are from outside Roanoke.

While a restricted jury venire could be used in a trial in Roanoke, the result would likely be a jury whose members reside some distance from that city and who would be faced with long-distance daily travel to trial. The distraction of such travel would be a hindrance to faithful attention to duty by the jury and could be harmful to the defendants, particularly when deliberations begin.

For these reasons, I will schedule the trial at the federal courthouse in Abingdon, Virginia.

It is so **ORDERED.**