W4 Farms, Inc. v. Tyson Farms, Inc., 2017 NCBC 97.

STATE OF NORTH CAROLINA

SURRY COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 1112

W4 FARMS, INC.; W4 POULTRY
FARMS, LLC; and CHARLES JOEY
WHITE,

          Plaintiffs,

v.

TYSON FARMS, INC. and TYSON
FOODS, INC.,

          Defendants.

**ORDER AND OPINION ON
DEFENDANTS' MOTION FOR
RECONSIDERATION**

1.     **THIS MATTER** is before the Court on Defendants Tyson Farms, Inc. and Tyson Foods, Inc.'s (collectively, the "Defendants") Motion for Reconsideration of Defendants' Partial Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion"). Having considered the Motion and the briefs in support of and in opposition to the Motion, the Court **DENIES** the Motion.

> *Royster and Royster, PLLC, by Brian A. Royster, and Goldasich & Associates, LLC, by J. Andrew Fulk, Dennis E. Goldasich, and Justin C. Owen, for Plaintiffs.*
>
> *Cranfill Sumner & Hartzog LLP, by F. Marshall Wall and Katherine Barber-Jones, and Shook, Hardy & Bacon, by Mark C. Tatum, for Defendants.*

Robinson, Judge.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

2.     The Motion requests that the Court reconsider portions of its Order and Opinion on Defendants' Partial Motion to Dismiss (the "Opinion") entered on July 24,

2017. (ECF No. 80.) The Court incorporates herein the procedural and factual background set forth in Sections II and III of the Opinion and only recites subsequent procedural and factual background to the extent necessary to resolve the Motion.

3. In the Opinion, the Court granted in part and denied in part Defendants' partial motion to dismiss (the "Motion to Dismiss") under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)"). The Court granted the Motion to Dismiss as to Plaintiffs' claims for negligent misrepresentation and negligence and dismissed these claims with prejudice. (Order & Op. ¶ 55.A.) The Court denied the Motion to Dismiss as to Plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, fraud in the inducement, unfair and deceptive trade practices ("UDTP"), vicarious liability, and punitive damages. (Order & Op. ¶ 55.B.)

4. On August 17, 2017, Defendants filed the Motion requesting reconsideration of portions of the Opinion pursuant to Rules 54(b) and 60(b). (ECF No. 89.)

5. The Motion has been fully briefed and is now ripe for resolution. Pursuant to Rule 7.4 of the General Rules of Practice and Procedure for the North Carolina Business Court, the Court elects to rule on the Motion without a hearing. The Court first considers the Motion under Rule 60(b) and then under Rule 54(b).

## II.   RULE 60(b)

6.   While the Motion states that it is brought pursuant to Rule 60(b), Defendants' briefing and argument on the Motion are limited to subsection (6) of Rule 60(b).  Rule 60(b) provides in its entirety as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) The judgment is void;
>
> (5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60(b).

7.   To the extent that the Motion seeks reconsideration of the Opinion under *any subsection* of Rule 60(b), the Motion must be denied.  The Opinion granting in part and denying in part Defendants' Rule 12(b)(6) Motion to Dismiss is an interlocutory order.  *E.g.*, *Grant v. Miller*, 170 N.C. App. 184, 186, 611 S.E.2d 477, 478 (2005).  It is well established under North Carolina law that, "[b]y its express terms, Rule 60(b) only applies to final judgments, orders, or proceedings; it has no application to interlocutory orders."  *Pratt v. Staton*, 147 N.C. App. 771, 775, 556

S.E.2d 621, 624 (2001); *Sink v. Easter*, 288 N.C. 183, 196, 217 S.E.2d 532, 540 (1975) ("Rule 60(b) . . . has no application to *interlocutory* judgments, orders, or proceedings of the trial court. It only applies, by its express terms, to *final* judgments. In this context, the prior *denial* of defendant's Rule 12(b) motion . . . constituted nothing more than an interlocutory order." (citations omitted)); *Rupe v. Hucks-Follis*, 170 N.C. App. 188, 191, 611 S.E.2d 867, 869 (2005) (concluding that the trial court had no authority under Rule 60(b) to grant relief from an interlocutory order denying defendants' motion to dismiss); *O'Neill v. S. Nat'l Bank*, 40 N.C. App. 227, 231, 252 S.E.2d 231, 234 (1979) ("Since the denial of a Rule 12(b)(6) motion to dismiss is not a final judgment or order, [defendant]'s motion for relief from the [o]rder . . . could not, as a matter of law, have been proper under Rule 60(b), and the trial court should not have considered the motion.").

8.   Therefore, the Motion under Rule 60(b) is denied.

### III.   RULE 54(b)

9.   The Motion also requests reconsideration under Rule 54(b). Under Rule 54(b), interlocutory orders are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." N.C. Gen. Stat. § 1A-1, Rule 54(b). "Although the North Carolina courts have not formulated a standard to guide trial courts in considering a motion to amend an interlocutory ruling under Rule 54(b), federal case law addressing similarly worded portions of Federal Rule 54(b) provides useful guidance." *In re Se. Eye Center-Judgments*, 2017 NCBC LEXIS 77, at *9 (N.C. Super. Ct. Aug. 22, 2017). A motion

for reconsideration under Rule 54(b) is within the trial court's discretion. *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005); *Ward v. FSC I, LLC*, 2017 NCBC LEXIS 19, at *6 (N.C. Super. Ct. Mar. 7, 2017). "Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions." *Akeva L.L.C.*, 385 F. Supp. 2d at 565. These grounds include "(1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *RF Micro Devices, Inc. v. Xiang*, 1:12CV967, 2016 U.S. Dist. LEXIS 74550, at *3–4 (M.D.N.C. June 8, 2016). "Such problems rarely arise and the motion to reconsider should be equally rare." *DirecTV, Inc. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015). "The limited use of a motion to reconsider serves to ensure that parties are thorough and accurate in their original pleadings and arguments presented to the Court. To allow motions to reconsider offhandedly or routinely would result in an unending motions practice." *Wiseman v. First Citizens Bank & Tr. Co.*, 215 F.R.D. 507, 509 (W.D.N.C. 2003).

10. Defendants argue that reconsideration under Rule 54(b) is necessary because the Opinion was based on clear error, and Defendants request that the Court reconsider the following issues:

1. Whether the [Broiler Production Contract] is a "contract for goods and services," as stated by counsel for Plaintiffs, or a contract for services only;

2. Whether the [Broiler Production Contract] contains warranties or representations as to the quality of birds placed by [Defendants] on Plaintiffs' farm or the application of the warranty disclaimer. [sic]

3. Whether the parenthetical clause in Paragraph 7 of the [Broiler Production Contract] . . . modifies both "property" and "product," or only "product," the word immediately preceding the clause; and [sic]

4. Whether Plaintiffs' Second Amended Complaint is sufficient to rebut the presumption that the merger clause in the [Broiler Production Contract] prevents modification to add representations and warranties concerning the chickens or modify the disclaimer of warranties. [sic]

5. Whether Plaintiffs have alleged any sufficiently specific representations or a factual basis for a belief concerning bird quality to meet the pleading standard for fraud claims.

(Mot. Recons. Defs.' Partial Mot. Dismiss 1−2, ECF No. 89.)

11.     As to the first issue, Defendants contend that the Opinion "is in error by failing to find the [Broiler Production Contract] to be a contract for services only" and "North Carolina law does not support that the [Broiler Production Contract] is a contract for goods and services[.]"  (Reply Supp. Mot. Recons. Defs.' Partial Mot. Dismiss 4, ECF No. 105; Mem. Supp. Mot. Recons. Defs.' Partial Mot. Dismiss 5−9, ECF No. 90.)  The Opinion, however, did not address whether the Broiler Production Contract is a contract for goods or services because such a determination was immaterial to the Court's resolution of the Motion to Dismiss.  Even so, Defendants have failed to show why reconsideration is necessary or appropriate on this basis. Defendants argue that the Uniform Commercial Code does not apply, (Mem. Supp. 7, 9); but the Opinion did not construe the Broiler Production Contract as a contract for

the sale of goods—it did not apply the Uniform Commercial Code, N.C. Gen. Stat. § 25-1-101, *et seq.*, or cases thereunder to the Broiler Production Contract in determining whether the allegations were sufficient to state a claim. Therefore, to the extent that Defendants seek reconsideration of this issue, the Motion must fail.

12. With respect to the second issue, Defendants argue that the Opinion was based on clear error in failing to conclude that the Broiler Production Contract does not contain any representations or warranties made by Defendants regarding chicken quality. (Mem. Supp. 9–11; Reply Supp. 4.) Defendants, however, argued this same point in depth in support of the Motion to Dismiss. (*See, e.g.*, Mem. Supp. Defs.' Partial Mot. Dismiss Pls.' Second Am. Compl. 17, ECF No. 47.2 ("[T]he [Broiler Production] Contract omits and disclaims any representations as to the type or quality of the chickens. . . . [T]he [Broiler Production] Contract discloses that there is no enforceable agreement regarding quality in or outside of the written [Broiler Production] Contract.").) "Reconsideration by re-argument is not proper under Rule 54." *Brunson v. N.C. Dep't of Soc. Servs.*, No. 5:09-CT-3063-FL, 2011 U.S. Dist. LEXIS 20469, at *7 (E.D.N.C. Mar. 1, 2011). Having fully considered this point in its original determination of Defendants' Motion to Dismiss, the Court declines to reconsider this issue.

13. Likewise, as to the third issue, Defendants assert that the Opinion was based on clear error in concluding that the parenthetical in the disclaimer provision could be interpreted to modify both "property" and "product" and, thus, is ambiguous. (Mem. Supp. 12–15; Reply Supp. 5.) Defendants argue that "the Court's reading [of

the parenthetical] is inconsistent with general rules of grammar and punctuation, and [Defendants] w[ere] not able to supply this analysis prior to the decision because the issue was not raised until oral argument." (Mem. Supp. 5.) In support of the Motion to Dismiss, however, Defendants argued that the Broiler Production Contract unambiguously disclaims any representations regarding the quality of chickens. (Mem. Supp. Defs.' Partial Mot. Dismiss 16–17.) Further, as Defendants correctly note, during the hearing on the Motion to Dismiss, the Court discussed the parenthetical with counsel at length. Now, Defendants "essentially attempt[] to present a better or more compelling argument in favor of [their] position, which courts routinely hold to be inadequate on a motion for reconsideration." *RF Micro Devices, Inc.*, 2016 U.S. Dist. LEXIS 74550, at \*5 (quotation marks omitted). "Hindsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order." *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001). Having previously argued that the Broiler Production Contract unambiguously disclaims any representations regarding chicken quality, Defendants cannot use a motion for reconsideration to present further arguments, in light of the Opinion, in support of their position. Defendants' argument in this regard is rejected.

14. Turning to the fourth issue set forth in the Motion, Defendants argue that the Opinion was based on clear error in finding that the allegations of fraud are sufficient to rebut the presumption, created by the merger clause, that the writing contains the complete agreement of the parties. (Mem. Supp. 15–20; Reply Supp. 5.)

Defendants state in their brief that, during the hearing on the Motion to Dismiss, "the Court raised questions regarding the operation of the merger clause, *which [Defendants] did not raise in initial briefing and so did not fully address in [their] arguments.*" (Mem. Supp. 4 (emphasis added).) Although Defendants apparently overlooked, and thus failed, to address the operation of the merger clause in either of their briefs on the Motion to Dismiss, the Court inquired of counsel during the hearing as to whether the breach of contract claims, notwithstanding the existence of the merger clause, must survive if the fraud in the inducement claim survives. Contrary to Defendants' contention, however, the Opinion did not discuss the implications, if any, of the fraud allegations on the enforceability of the merger clause. Instead, Defendants attempt to use the Motion to raise a new argument, in light of the Court's inquiries, in further support of their position that the Broiler Production Contract does not contain any representations with respect to chicken quality. "When parties file a motion with the court, they are obligated to insure that it is complete with respect to facts, law and advocacy." *Potter*, 199 F.R.D. at 553. "[Defendants] cannot utilize [their] motion for reconsideration to take a second bite at the proverbial apple, and [their] new arguments pertaining to the possibility of shaping relief are therefore unavailing." *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 85 (D.D.C. 2015). The Court rejects this basis for reconsideration.

15. As to the fifth and final issue raised in their opening brief, Defendants contend that "the Court erred in concluding that Plaintiffs' allegations are sufficient to meet the pleading standard for fraud claims." (Reply Supp. 6; Mem. Supp. 20–23.)

Defendants made this same argument—that the allegations are insufficient to satisfy the pleading standard for fraud—in support of the Motion to Dismiss and, in essence, "attempt to re-litigate the same issues that already have been decided." *Brunson*, 2011 U.S. Dist. LEXIS 20469, at *7. "It is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through – rightly or wrongly." *Wiseman*, 215 F.R.D. at 509 (quotation marks omitted). "[A] motion to reconsider may not be used to raise arguments . . . that could have been addressed or presented previously." *Jiangmen Kinwai Furniture Decoration Co. Ltd v. IHFC Props., LLC*, 1:14CV689, 2017 U.S. Dist. LEXIS 132246, at *18 (M.D.N.C. Aug. 18, 2017). "It is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it." *Potter*, 199 F.R.D. at 553.

16. In their reply brief, Defendants contend, for the first time, that reconsideration is necessary for a sixth reason—to prevent manifest injustice in that Plaintiffs are using their Second Amended Complaint as a "juggernaut" to make discovery requests that are overly broad and unduly burdensome, and that to allow Plaintiffs' "factually insufficient" fraud claims to go forward would put an undue burden on Defendants. (Reply Br. 6–9.) This latter argument assumes that the Court agrees with Defendants that reconsideration of the Opinion, at least to the extent that it deals with the fraud claims, is warranted, and, as discussed above, the Court does not so agree. To the extent that Defendants contend that Plaintiffs' discovery

requests are overly broad and unduly burdensome even based on the claims as pleaded, this is not a proper basis for reconsideration. "In the context of a motion for reconsideration, manifest injustice is defined as an error by the court that is direct, obvious, and observable." *RF Micro Devices, Inc.*, 2016 U.S. Dist. LEXIS 74550, at *6 (quotation marks omitted). Plaintiffs' discovery requests are the subject of Plaintiffs' pending motion to compel, and the Court will properly consider the propriety of those requests in connection with that motion. Plaintiffs' allegedly unreasonable and overbroad discovery requests do not constitute an error by the Court that is "direct, obvious, and observable" so as to justify reconsideration of the Opinion under Rule 54(b). The Court therefore rejects Defendants' sixth basis for reconsideration.

17.     In sum, the Court concludes, in its discretion, that reconsideration of the Court's Opinion under Rule 54(b) is not appropriate.

## IV.     CONCLUSION

18.     For the foregoing reasons, the Motion is **DENIED**.

**SO ORDERED**, this the 19th day of October, 2017.


/s/ Michael L. Robinson
Michael L. Robinson
Special Superior Court Judge
for Complex Business Cases